■ DARLENE J. JONES, Respondent, v J. THOMAS JONES, Appellant. [734 NYS2d 796] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted plaintiff a divorce on the ground of cruel and inhuman treatment. The evidence of improper physical contact by defendant, his use of obscene language and his threats against plaintiff's life establishes that it was "unsafe or improper" for plaintiff to reside with defendant (*see,* Domestic Relations Law § 170 [1]; *cf., Gulisano v Gulisano,* 214 AD2d 999; *Stagliano v Stagliano,* 132 AD2d 975, 976).

The court properly determined that defendant failed to trace

the source of the funds used for the down payment on the marital residence and therefore failed to rebut the presumption that those funds were marital property (*see, Haas v Haas,* 265 AD2d 887, 888). The court erred, however, in determining that a parcel of vacant land purchased by defendant with funds from a checking account in his name nine months after the commencement of the action was marital property (*see,* Domestic Relations Law § 236 [B] [1] [c]). Thus, we modify the judgment by vacating that part of the second decretal paragraph that awards plaintiff $1,000 as her share of that asset. In addition, we modify the judgment by vacating the fourth decretal paragraph that concerns child support, college expenses and carrying charges on the marital residence. The court erred in determining that the issues of plaintiff's responsibility for child support and college expenses were not properly before it. The court further erred in summarily denying the application of defendant for a credit for the mortgage payments and real estate taxes he paid after the commencement of the action; if defendant used non-marital funds to make those payments, he is entitled to a credit for a portion of the payments (*see, Welch v Welch,* 233 AD2d 921; *Cooper v Cooper,* 217 AD2d 904, 905). Thus, we remit the matter to Supreme Court for a hearing before a different Justice to determine those issues. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Matrimonial.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.