■ MARY A. NASCA, Appellant, v GARY M. NASCA, Respondent. [754 NYS2d 502] —Appeal from a judgment of Supreme Court, Erie County (NeMoyer, J.), entered December 17, 2001, which, inter alia, distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing in the final decretal paragraph that defendant pay plaintiff $3,250, representing the value of the engagement ring, and by providing in the second decretal paragraph that plaintiff receive a separate property credit from the value of the marital residence of $29,000 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, confirmed the report of the Matrimonial Referee. We agree with plaintiff that Supreme Court erred in determining that the engagement ring that plaintiff had returned to defendant because of its sentimental value to defendant was marital property. Although the ring had belonged to defendant's mother, there is no evidence in the record to support the court's determination that a constructive trust had

been imposed on the ring at the time defendant presented it to plaintiff. We thus conclude that the ring was a gift to plaintiff from defendant and is therefore plaintiff's separate property (*see Epstein v Epstein,* 289 AD2d 78). We further conclude that the court erred in determining that the value of the ring is $2,000. The only evidence presented with respect to the value of the ring was a 1987 appraisal, which appraised the ring at $3,250, and defendant did not dispute that appraisal. We therefore modify the judgment by providing in the final decretal paragraph that defendant pay plaintiff $3,250, representing the value of the ring.

The court further erred in determining that defendant contributed $12,000 of his separate funds to the construction of the marital residence. Defendant testified that he sold certain stocks in 1988 and deposited the proceeds from that sale into a bank account held jointly with plaintiff. We conclude that defendant failed to rebut the presumption that the proceeds from that sale "lost [their] character as separate property when [ ]he deposited [them] in the joint account" (*Haas v Haas,* 265 AD2d 887, 888). Although defendant testified that he "could have" used some of those proceeds to pay contractors in cash in connection with the construction of the marital residence, he offered no evidence to support that contention. In addition, defendant submitted checks totaling approximately $800 that were issued from a checking account in his name and were paid to others in connection with the construction of the marital residence; however, those checks were issued during the marriage. By failing to trace the source of the funds in that checking account, defendant failed to prove that the funds were his separate property (*see Corasanti v Corasanti,* 296 AD2d 831, 832; *Jones v Jones,* 289 AD2d 983, *lv dismissed* 97 NY2d 749). We therefore further modify the judgment by providing in the second decretal paragraph that plaintiff receive a separate property credit from the value of the marital residence of $29,000. We have considered plaintiff's remaining contention and conclude that it is without merit. Present— Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.