■ VICKI L. BAILEY, Respondent, v JAMES T. BAILEY, Appellant. (Appeal No. 1.) [853 NYS2d 238]—

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered September 15, 2006 in a divorce action. The judgment, among other things, equitably distributed the parties' property.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the provision in the 34th decretal paragraph that defendant shall pay plaintiff $11,500 for her marital interest in the parties' bank accounts and providing that defendant shall retain the $23,000 remaining in those bank accounts as his marital interest in those accounts and by providing in the 36th decretal paragraph that plaintiff shall retain $33,000 removed from the parties' joint checking account as her marital interest in that account and that plaintiff shall retain an additional $10,000 removed from that account as her contribution from separate property to purchase the GMC Envoy and further providing that plaintiff shall retain one half of the predistributive award of $25,000 as her marital interest in that award and that plaintiff shall pay defendant one half of that award for his marital interest in that award and as modified the judgment is affirmed without costs.

Memorandum: In appeal No. 1 in this divorce action, defendant contends that Supreme Court erred in its equitable distribution of property in certain respects, in determining that he is responsible for child support and maintenance from the date on which this action was commenced rather than the date on which the parties separated, and in awarding plaintiff attorney's fees

in the amount of $25,000. In appeal No. 2, plaintiff contends that the court erred in refusing to award her $10,000 for her attorney's fees on appeal.

We note at the outset with respect to appeal No. 1 that, although we conclude that the court properly determined that plaintiff is entitled to retain the amount of $43,000 she had removed from the parties' joint HSBC checking accounts containing $66,000, the court erred in allocating the entire amount as separate property. "The creation of a joint account vests in each tenant a present unconditional property interest in an undivided one half of the money deposited, regardless of who puts the funds on deposit" (*Parry v Parry*, 93 AD2d 989, 990 [1983]; *see Nasca v Nasca*, 302 AD2d 906 [2003]). Thus, each party was entitled to a distributive award of $33,000 from that account. Plaintiff is entitled to retain that amount as her marital interest, and we therefore modify the judgment accordingly. Plaintiff also is entitled to an additional $10,000 and thus is entitled to retain the sum of $43,000, based on the court's determination awarding defendant a GMC Envoy without crediting plaintiff the $10,000 that she contributed for the purchase of that vehicle. Plaintiff met her burden of establishing that the $10,000 was her separate property, and we therefore further modify the judgment accordingly (*see Moses v Moses*, 231 AD2d 850 [1996]; *Heine v Heine*, 176 AD2d 77, 84 [1992], *lv denied* 80 NY2d 753 [1992]). In addition, we agree with defendant in appeal No. 1 that the court erred in determining that plaintiff was entitled to retain $25,000 of marital property that she had received as an advance on her distributive award. Plaintiff is entitled to only one half of that amount, and we therefore further modify the judgment accordingly.

Contrary to defendant's further contention in appeal No. 1, the court properly distributed the various retirement accounts. The appreciation to defendant's Vanguard Money Market Reserves Account was marital property because plaintiff "indirectly contributed to the appreciation of this asset by handling the household matters, thereby permitting [defendant] the freedom to devote energy to his financial endeavors" (*Spencer v Spencer*, 230 AD2d 645, 647 [1996]; *see generally Price v Price*, 69 NY2d 8, 11-12 [1986]). The remaining accounts in question contained commingled marital property and separate property, and defendant "failed to trace the source of the funds [that he contended were separate property] with sufficient particularity to rebut the presumption that they were marital property" (*see Massimi v Massimi*, 35 AD3d 400, 402 [2006], *lv denied* 9 NY3d 801 [2007]). Also contrary to defendant's conten-

tion, the court properly determined that the child support and maintenance awards were retroactive to the date on which the action was commenced, which in this case was the date of the application therefor (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Wood v Wood*, 256 AD2d 1242, 1242-1243 [1998]; *Balch v Balch*, 193 AD2d 1079, 1079-1080 [1993]). Finally, we conclude with respect to appeal No. 1 that the court did not abuse its discretion in awarding plaintiff attorney's fees in the amount of $25,000 (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see also Timpone v Timpone*, 28 AD3d 646 [2006]).

We conclude with respect to appeal No. 2 that the court did not abuse its discretion in refusing to award plaintiff $10,000 for her attorney's fees on appeal (*see generally Caldwell v Caldwell*, 209 AD2d 1022, 1022-1023 [1994]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.