# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1253**
**CA 11-00504**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

ALLEN J. SWETT, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

SHERYL A. SWETT, DEFENDANT-APPELLANT.

---

BARTON, SMITH & BARTON, LLP, ELMIRA (CHRISTOPHER A. BARTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

WELCH & ZINK, CORNING (COLLEEN G. ZINK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a second amended decree of the Supreme Court, Steuben County (Alex R. Renzi, J.), entered May 6, 2010 in a divorce action. The second amended decree, among other things, determined the equitable distribution of the marital property.

It is hereby ORDERED that the second amended decree so appealed from is unanimously modified on the law by directing in the third decretal paragraph concerning the marital residence that defendant is entitled to a credit of $13,613 before the remaining value of the marital residence is subject to equitable distribution, such that within 30 days of the date of this order defendant shall pay to plaintiff the sum of $13,343.50, representing his equity in the marital residence, in exchange for plaintiff's execution of a quitclaim deed relinquishing the marital residence to defendant, and as modified the second amended decree is affirmed without costs.

Memorandum: Defendant appeals from a second amended decree of divorce that, inter alia, equitably distributed the parties' marital property. Defendant contends that Supreme Court erred in awarding plaintiff a credit for his nonfinancial contributions to the appreciated value of a cottage that was purchased by defendant and her family prior to the marriage. Although defendant presented evidence that she sold her interest in the cottage to her father shortly after the marriage, plaintiff presented evidence that the deed was never modified and that the parties continued to use the cottage in a manner consistent with the use of property owners. "It is well established that '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos*, 283 AD2d 913). In light of the conflicting evidence presented by the parties at trial, the court did not abuse its discretion in concluding that defendant in fact maintained a property interest in the cottage after the marriage and

that plaintiff was entitled to a credit for his nonfinancial contributions to the appreciated value thereof (*see generally* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog*, 85 NY2d 36, 46).

We reject defendant's further contention that the court erred in concluding that certain trust accounts and stock obtained by her during the marriage were marital property subject to equitable distribution (*see generally* Domestic Relations Law § 236 [B] [1] [c]). " 'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property' " (*Galachiuk v Galachiuk*, 262 AD2d 1026, 1027; *see Fields v Fields*, 15 NY3d 158, 162-163, *rearg denied* 15 NY3d 819).  Here, defendant " 'failed to trace the source of the funds [and stock that she contended were separate property] with sufficient particularity to rebut the presumption that they were marital property' " (*Bailey v Bailey*, 48 AD3d 1123, 1124; *see Bennett v Bennett*, 13 AD3d 1080, 1082, *lv denied* 6 NY3d 708).  Contrary to defendant's contention, the court did not abuse its discretion in awarding counsel fees to plaintiff in light of the "dilatory or obstructionist conduct" by defendant (*Blake v Blake* [appeal No. 1], 83 AD3d 1509; *see Johnson v Chapin*, 12 NY3d 461, 467, *rearg denied* 13 NY3d 888; *see also McBride-Head v Head*, 23 AD3d 1010, 1011).

We agree with defendant, however, that the court erred in failing to award her a credit for paying off the mortgage on the marital residence with her separate property.  "It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence" (*Juhasz v Juhasz*, 59 AD3d 1023, 1024, *lv dismissed* 12 NY3d 848; *see Fields*, 15 NY3d at 166).  Here, it is uncontested that the money used to pay off the mortgage on the marital residence shortly after the parties' marriage was defendant's separate property, and thus defendant is entitled to a credit in that amount prior to the equitable distribution of the marital residence (*see Fields*, 15 NY3d at 166; *Juhasz*, 59 AD3d at 1024; *Mirand v Mirand*, 53 AD3d 1149, 1150; *Chernoff v Chernoff*, 31 AD3d 900, 903).  We therefore modify the second amended decree accordingly.

Entered:  November 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court