*of Callahan v Smith*, 23 AD3d 957, 958 [2005]). Although emergency jurisdiction is generally temporary, the court was authorized to make a permanent custody award because no other custody proceeding had been instituted in a competing forum and New York had become the children's home state following commencement of the proceeding (*see* § 76-c [2]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ MICHAEL REW, Respondent, v VALEO, INC., et al., Defendants. VALEO, INC., Third-Party Plaintiff-Respondent, v DIVERSIFIED ERECTION SERVICES, INC., Third-Party Defendant-Appellant. [940 NYS2d 516]

Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ KIMBERLY B. ROONEY, Respondent, v JOHN E. ROONEY, Appellant. (Appeal No. 1.) [938 NYS2d 492]

Same memorandum as in *Rooney v Rooney* ([appeal No. 3] 92 AD3d 1294 [2012]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ KIMBERLY B. ROONEY, Respondent, v JOHN E. ROONEY, Appellant. (Appeal No. 2.) [938 NYS2d 492]

Same memorandum as in *Rooney v Rooney* ([appeal No. 3] 92 AD3d 1294 [2012]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ KIMBERLY B. ROONEY, Respondent, v JOHN E. ROONEY, Appellant. (Appeal No. 3.) [938 NYS2d 724]—