calculating the amount of child support, the Referee erred in failing to impute income to plaintiff based on cash gifts that she received from her mother (see Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]). The evidence at trial supported the Referee's finding that the cash gifts were sporadic in nature, rather than regular and expected (see *Rostropovich v Guerrand-Hermes*, 18 AD3d 211 [2005]). We agree with defendant, however, that he should be allowed to claim the parties' children as dependents for tax purposes, provided that he remains current in his child support and maintenance obligations. We therefore modify the judgment accordingly.

Contrary to defendant's contention in appeal Nos. 3 and 4 and plaintiff's contention on her cross appeal in appeal No. 4, Supreme Court properly ordered defendant to pay a portion of plaintiff's attorneys' fees incurred in the trial of this action and on appeal. In light of the gross disparity in the parties' income, the awards of fees to plaintiff were appropriate (see Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). " 'The evaluation of what constitutes reasonable [attorneys'] fees is a matter within the sound discretion of the trial court' " (*Benzaken v Benzaken*, 21 AD3d 391, 392 [2005]), and we conclude that the court did not abuse its discretion in this case.

Contrary to defendant's further contention in appeal No. 3, we conclude that the Referee properly denied on procedural grounds his post-trial motion seeking, inter alia, to "correct[ ]" various alleged errors in the Referee's decision. Inasmuch as defendant's contention that the Referee should have directed plaintiff to remove defendant's name from the loans against the former marital residence was raised only in that post-trial motion, that contention is not properly before us. In any event, we conclude that it is without merit. Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

■ KIMBERLY B. ROONEY, Respondent-Appellant, v JOHN E. ROONEY, Appellant-Respondent. (Appeal No. 4.) [938 NYS2d 493]—

Same memorandum as in *Rooney v Rooney* ([appeal No. 3] 92 AD3d 1294 [2012]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.