# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1274**

**CA 12-00128**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

SUSAN GATELY, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JAMES GATELY, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), AND J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), dated March 25, 2011 in a divorce action. The amended judgment, among other things, distributed marital assets and ordered defendant to pay plaintiff maintenance.

It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this divorce action, defendant appeals from an amended judgment that, inter alia, distributed marital assets and ordered him to pay maintenance to plaintiff. We reject defendant's contention that Supreme Court abused its discretion in awarding maintenance to plaintiff. " 'As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151). There is no abuse of discretion here, given that the record establishes that the court appropriately considered plaintiff's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" set forth in Domestic Relations Law § 236 (B) (6) (a) (*Hartog v Hartog*, 85 NY2d 36, 52).

We reject defendant's further contention that the court erred in determining that certain investment accounts, stock options, deferred compensation benefits, and parcels of real property were marital property subject to equitable distribution. "It is well established that [e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (*Swett v Swett*, 89 AD3d 1560, 1561 [internal quotation marks omitted]). "Marital property is broadly defined as 'all property acquired by either or both spouses during the marriage' " (*Price v Price*, 69 NY2d 8, 11, quoting Domestic Relations Law § 236 [B] [1] [c]). The term " 'marital property' . . . should be construed

*broadly* in order to give effect to the 'economic partnership' concept of the marriage relationship recognized in the statute" (*id.* at 15). A party asserting a separate property claim must " 'trace the source of the funds . . . with sufficient particularity to rebut the presumption that they were marital property' " (*Bailey v Bailey*, 48 AD3d 1123, 1124; *see Swett*, 89 AD3d at 1561-1562; *Bennett v Bennett*, 13 AD3d 1080, 1082, *lv denied* 6 NY3d 708).  "[S]eparate property which is commingled with marital property or is subsequently titled in the joint names of the spouses is presumed to be marital property" (*Chiotti v Chiotti*, 12 AD3d 995, 996; *see Richter v Richter*, 77 AD3d 1470, 1471; *DiNardo v DiNardo*, 144 AD2d 906, 906).  The party seeking a finding of separate property has the burden of rebutting that presumption (*see Frost*, 49 AD3d at 1151; *Haas v Haas*, 265 AD2d 887, 888), and we conclude that defendant failed to meet that burden with respect to the assets in question.

The court also properly required defendant to maintain a policy of life insurance to secure his child support and maintenance obligations (*see* Domestic Relations Law § 236 [B] [8] [a]).  Finally, we decline to grant plaintiff's request that defendant be required to pay the printing costs for her separately filed appendix (*cf. Wittig v Wittig*, 258 AD2d 883, 884-885).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court