# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**525**

**CA 13-01285**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

TERESA E. MYERS, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

BRADLEY J. MYERS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LISA A. SADINSKY, ROCHESTER, FOR DEFENDANT-APPELLANT.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), entered November 9, 2012 in a divorce action. The judgment, inter alia, directed defendant to pay maintenance to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by ordering that defendant is entitled to claim the parties' children as dependents for tax purposes, provided that he remains current in his child support and maintenance obligations, and as modified the judgment is affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from a judgment of divorce and, in appeal No. 2, he appeals from a subsequent order requiring that he pay a portion of plaintiff's attorney's fees.

With respect to the judgment in appeal No. 1, we reject defendant's contention that Supreme Court abused its discretion in awarding maintenance for a 10-year period. It is well established that, " '[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151; *see Gately v Gately*, 113 AD3d 1093, 1093; *Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295, *lv denied* 19 NY3d 810), and we perceive no abuse of discretion here. As the court noted, there is a "vast discrepancy" in the incomes of the parties, with plaintiff's sole source of income consisting of Social Security Disability (SSD) payments (*see Gilliam v Gilliam*, 109 AD3d 871, 872). During most of the 13-year marriage, plaintiff raised the parties' two children while defendant was the sole wage earner (*see Carpenter v Carpenter*, 202 AD2d 813, 814-815). The parties enjoyed a relatively comfortable standard of living during the marriage. In setting the duration of maintenance, the court determined that, even if plaintiff were able to find a job, she would never approach her

pre-divorce standard of living, while defendant "clearly can." Plaintiff testified at trial that she is permanently disabled as a result of bilateral carpal tunnel syndrome and a severed nerve in her left hand.  Although plaintiff did not submit medical evidence or testimony concerning her disability, we conclude that the undisputed fact that the Social Security Administration determined that she was disabled as of 2000 and that she continues to receive SSD, coupled with her testimony, is sufficient to support the court's maintenance determination (*see Mazzone v Mazzone*, 290 AD2d 495, 496; *Battinelli v Battinelli*, 174 AD2d 503, 504; *cf. Grasso v Grasso*, 47 AD3d 762, 764; *Palestra v Palestra*, 300 AD2d 288, 289).

Contrary to the further contention of defendant in appeal No. 1, the court properly set forth the statutory grounds for termination of maintenance in its bench decision, which is incorporated in and attached to the judgment of divorce (*see* Domestic Relations Law § 248).  We agree with defendant, however, that he should be allowed to claim the parties' children as dependents for tax purposes, provided that he remains current in his child support and maintenance obligations (*see Rooney*, 92 AD3d at 1296; *see also Ochoa v Ochoa*, 159 AD2d 285).  We therefore modify the judgment in appeal No. 1 accordingly.

Finally, we reject defendant's contention in appeal No. 2 that the court erred in ordering defendant to pay a portion of plaintiff's attorney's fees in light of, inter alia, the gross disparity in the parties' incomes (*see Alecca v Alecca*, 111 AD3d 1127, 1130; *Rooney*, 92 AD3d at 1296).

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court