# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1115**
**CA 14-00020**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND VALENTINO, JJ.

---

MELISSA LAZAR, PLAINTIFF-RESPONDENT-APPELLANT,

                V                             MEMORANDUM AND ORDER

BARRY D. LAZAR, DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 3.)

---

SHELDON B. BENATOVICH, WILLIAMSVILLE (JAMES P. RENDA OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 10, 2013 in a divorce action. The judgment, among other things, ordered defendant to pay child support to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking from the 9th decretal paragraph the phrase "retroactive to December 10, 2012, with the first installment due on January 10, 2013" and substituting therefor the phrase "retroactive to June 3, 2009, the date of commencement of the action," and by increasing defendant's child support obligation in the 10th decretal paragraph to $46,101.28 per year, or $3,841.77 per month, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: In appeal No. 1 in this divorce action, defendant appeals from a "temporary order" that, among other things, ordered that plaintiff is entitled to a money judgment in the amount of $98,966.91, effective February 29, 2012, for arrears that accrued because defendant failed to pay temporary maintenance, child support and various carrying charges and expenses. In appeal No. 2, defendant appeals from an "order and money judgment" that awarded plaintiff judgment in the amount of $98,966.91 based on the order in appeal No. 1. In appeal No. 3, defendant appeals and plaintiff cross-appeals from a judgment of divorce entered following a nonjury trial. As relevant to the parties' contentions in appeal No. 3, the judgment of divorce directed defendant to pay maintenance for five years retroactive to December 10, 2012, child support, and a portion of plaintiff's attorney fees and expert fees; awarded plaintiff judgment in the amount of $167,425 for defendant's failure to pay court-ordered family support and household expenses not previously reduced to judgment; granted defendant a credit of $138,000

for his separate property claim concerning a home he owned prior to the marriage; and equitably distributed a Swiss bank account and a limited liability company.  In appeal No. 4, defendant appeals from an order that, among other things, granted plaintiff a judgment for maintenance arrears in the amount of $70,000, for attorney fees and expert fees in the sum of $42,176.50, and for a distributive award in the sum of $658,381.50.

We note at the outset that the order in appeal No. 1 was subsumed in the order and judgment in appeal No. 2, and we thus dismiss the appeal from the order in appeal No. 1 (*see Hendryx v Johnson Boys Ford-Mercury*, 309 AD2d 1260, 1261; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567).

We address first defendant's appeal from the judgment of divorce in appeal No. 3.  Defendant contends that Supreme Court erred both in ordering maintenance for a duration of five years and in ordering that the award of maintenance be effective as of December 10, 2012, which was the last day of trial testimony.  "It is well established that, [a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Myers v Myers*, 118 AD3d 1315, 1315 [internal quotation marks omitted]; *see McCarthy v McCarthy*, 57 AD3d 1481, 1481-1482).  Although the authority of this Court in determining issues of maintenance is as broad as that of the trial court, we decline to substitute our discretion for that of the trial court insofar as it concerns the duration of defendant's maintenance obligation (*see Martin v Martin*, 115 AD3d 1315, 1315; *cf. Scala v Scala*, 59 AD3d 1042, 1043).  We conclude that the court's determination to award maintenance for a period of five years was not an abuse of discretion "inasmuch as the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a)" (*Scully v Scully*, 104 AD3d 1137, 1138; *see Schmitt v Schmitt*, 107 AD3d 1529, 1529; *McCarthy*, 57 AD3d at 1482; *cf. Perry v Perry*, 101 AD3d 1762, 1762-1763).

We further conclude, however, that the court erred in ordering that the award of maintenance be effective as of the last day of trial testimony.  Domestic Relations Law § 236 (B) (6) (a) provides in relevant part that an order of maintenance "shall be effective as of the date of the application therefor."  The divorce action was commenced on June 3, 2009, and there is no dispute that plaintiff requested an award of maintenance in her summons with notice on that date.  Inasmuch as the statutory language is mandatory, the court erred in ordering the maintenance award to be retroactive to December 10, 2012 (*see Burns v Burns*, 84 NY2d 369, 377; *Jones v Jones*, 92 AD3d 845, 848, *lv denied* 19 NY3d 805).  We thus modify the judgment in appeal No. 3 by directing that the effective date of the maintenance award is June 3, 2009 and, because the term of maintenance ended in 2014, we remit the matter to Supreme Court to determine whether further modification of the amount of the maintenance award is warranted and to recalculate any arrears owed by, or credits due to, defendant.  In view of our decision in appeal No. 3, we also modify the order in appeal No. 4 by vacating the second ordering paragraph, which awarded maintenance arrears in the amount of $70,000.

Defendant further contends with respect to his appeal from the judgment in appeal No. 3 that the court erred in determining that the Swiss bank account was marital property rather than his separate property or that of his parents and thus exempt from equitable distribution. We reject that contention inasmuch as defendant failed to rebut the statutory presumption that the account was marital property (*see* Domestic Relations Law § 236 [B] [1] [c]; *Swett v Swett*, 89 AD3d 1560, 1561-1562). The evidence at trial established that the account was opened, and substantial deposits were made, during the marriage. Furthermore, defendant's contention that the account was his parents' property is "contrary to a position taken [by him] in . . . [amended] income tax return[s]" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422). We likewise reject defendant's contention in appeal No. 3 that the court abused its discretion in awarding plaintiff a portion of her attorney fees and expenses, particularly in light of the disparity in the incomes of the parties and defendant's conduct in prolonging the litigation (*see Swett*, 89 AD3d at 1562; *McBride-Head v Head*, 23 AD3d 1010, 1011). Upon our review of the record, we perceive no error in the court's calculation of defendant's interim partial payment of such fees and expenses.

We next address plaintiff's cross appeal from the judgment in appeal No. 3 wherein she contends, inter alia, that the court erred in its calculation of child support. We agree with plaintiff that the court erred in its calculation of the combined parental income pursuant to Domestic Relations Law § 240 (1-b) (c) (1) by deducting the amount of maintenance from defendant's gross income without providing for an adjustment in child support upon the termination of maintenance (§ 240 [1-b] [b] [5] [vii] [C]; *Salvato v Salvato,* 89 AD3d 1509, 1509-1510, *lv denied* 18 NY3d 811), and by adding the amount of maintenance to plaintiff's income (*see Frost v Frost*, 49 AD3d 1150, 1152; *see also Huber v Huber*, 229 AD2d 904, 905). We conclude that plaintiff's imputed net income is $6,000, defendant's imputed net income is $2,000,000, the combined parental income is $2,006,000 and the pro rata shares are 0.3% from plaintiff and 99.7% from defendant. We therefore further modify the judgment in appeal No. 3 by increasing defendant's child support obligation to $46,101.28 per year, or $3,841.77 per month.

Plaintiff's remaining contentions with respect to the judgment in appeal No. 3 are without merit. We reject plaintiff's contention that the court abused its discretion in not applying the Child Support Standards Act to the combined parental income in excess of the statutory cap up to $350,000. The record establishes that the court considered the appropriate factors in applying an income cap of $272,000, rather than $350,000 (*see* Domestic Relations Law § 240 [1-b] [c] [2], [3]; [f]; *Martin*, 115 AD3d at 1315). Contrary to plaintiff's further contention, the court did not err in awarding defendant a credit of $138,000 for his separate property claim related to his home that he owned prior to the marriage (*see Zanger v Zanger*, 1 AD3d 865, 867; *cf. Johnson v Johnson*, 277 AD2d 923, 925, *lv dismissed* 96 NY2d 792). Finally, also without merit is plaintiff's contention that the court erred in accepting the capitalization rate of defendant's expert over that of her expert in valuing a limited liability company owned

by the parties.  "[T]here is no uniform rule for fixing the value of a going business for equitable distribution purposes" (*Burns v Burns*, 84 NY2d 369, 375) and, here, we conclude that the court's acceptance of the capitalization rate of defendant's expert to value that relatively new business as of the date of commencement of the action was not an abuse of discretion (*see Hiatt v Hiatt*, 6 AD3d 1014, 1015; *see generally Scala v Scala*, 59 AD3d 1042, 1043).

Entered:  January 2, 2015                   Frances E. Cafarell
                                            Clerk of the Court