McCarthy, J.E
Appeal from a judgment of the Supreme Court (Lambert, J.), entered May 17, 2013 in Delaware County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) commenced this divorce action against defendant (hereinafter the husband). Following a trial, Supreme Court found, as relevant here, that two parcels of real property were marital property, the one containing a business should be sold with the proceeds equally divided after paying certain debts, and the other parcel containing a residence should be transferred to the husband once he paid the wife half of the property’s equity and removed her name from the mortgage or, if those conditions did not occur, the property should be sold with the net proceeds equally divided. Although the court found that the husband’s Delaware Bancshare stock, which he inherited from his father, was his separate property (see Domestic Relations Law § 236 [B] [d] [1]), the court found that “the proof was not persuasive that the $39,786.60 worth of stock sold was used to pay off a marital debt.” Accordingly, the court did not give the husband any credit for that amount. The husband appeals.
The husband was entitled to a credit for the value of his separate property used to pay toward the marital debt consisting of the mortgages. When one spouse contributes separate property toward the purchase of a marital asset, such as a marital home, the contributing spouse is generally entitled to a credit representing the amount of that separate property contribution (see Fields v Fields, 15 NY3d 158, 166 [2010]). The use of separate funds to purchase a marital asset does not mandate that a court give a credit, however; the court may consider the use of separate property when exercising its discretion in arriving at an equitable distribution of that asset (see Vertucci v Vertucci, 103 AD3d 999, 1003 [2013]; Murray v Murray, 101 AD3d 1320, 1321 [2012], lv dismissed 20 NY3d 1085 [2013]). Here, Supreme Court did not exercise its discretion in this regard, but made a determination that the proof was insufficient to show that separate property was applied toward the marital debt. We disagree *970 with that determination and find that the husband is entitled to a credit of $39,786.60 (see Swett v Swett, 89 AD3d 1560, 1562 [2011]; Maczek v Maczek, 248 AD2d 835, 837 [1998]; Lord v Lord, 124 AD2d 930, 932 [1986]).
It is undisputed that the two parcels were marital property, the mortgages were marital debt and the stock was the husband’s separate property. The husband testified that the mortgage on the residence was secured with the real property and his stock as collateral, so the bank — which held the mortgages and issued the stock — initially would not allow him to sell any shares. He further testified that when the parties were behind on their mortgage, the bank withheld the stock dividends to make mortgage payments and permitted the husband to sell shares. As shown in the certified bank records of the mortgage payment histories and the stock sales, as well as a chart that was received into evidence correlating those numbers, payments were made on the mortgages on the dates and in the amounts of the sales of the husband’s stock. This constitutes persuasive proof that the husband’s separate property was used to pay off a marital debt. Thus, he is entitled to a credit of $39,786.60. If the property with the residence is sold, this credit should be given to the husband before the remainder of the net proceeds are evenly divided by the parties. If that property is not sold and the husband retains possession, the credit should be deducted from the $191,310.60 in equity, for a total of $151,524. The husband must pay the wife one half of the latter amount, or $75,762, in exchange for the transfer of the property to him, along with removing her name from the mortgage.
Garry, Lynch and Clark, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant a credit for separate property contributed toward a marital debt; a credit of $39,786.60 is granted to defendant toward the real property containing the residence, consistent with this Court’s decision; and, as so modified, affirmed.