# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

804

CA 14-01566

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

DONNA M. LATTUCA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN M. LATTUCA, DEFENDANT-APPELLANT.

---

STEINER & BLOTNIK, BUFFALO (RICHARD J. STEINER OF COUNSEL), FOR DEFENDANT-APPELLANT.

BADACK & HARTNETT, SILVER CREEK (DONNA MARIE HARTNETT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered December 17, 2013 in a divorce action. The judgment, insofar as appealed from, directed defendant to pay maintenance to plaintiff and directed plaintiff to pay child support in the amount of $300 per year to defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the fifth decretal paragraph, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, awarded plaintiff wife maintenance and ordered her to pay child support to defendant. Defendant contends that the Referee, whose Report and Recommendation was confirmed by Supreme Court, erred in excluding plaintiff's maintenance award from her income in calculating her child support obligation. We reject that contention, inasmuch as "there is no authority in the Child Support Standards Act (CSSA) for adding future maintenance payments to the recipient's income for the purpose of calculating child support" (*Huber v Huber*, 229 AD2d 904, 904; *see Lazar v Lazar*, 124 AD3d 1242, 1244-1245; *Burns v Burns*, 70 AD3d 1501, 1502-1503). We likewise reject defendant's contention that the Referee erred in declining to impute additional income to plaintiff based on her ability to work. There is no evidence that plaintiff "has reduced resources or income in order to reduce or avoid the parent's obligation for child support" (Domestic Relations Law § 240 [1-b] [b] [5] [v]).

We agree with defendant, however, that the Referee erred in failing to include the value of plaintiff's food stamps in her yearly income for purposes of calculating her child support obligation. Contrary to plaintiff's contention, food stamps are not "public

assistance" to be deducted from income pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (E) inasmuch as Social Services Law article 5, which governs public assistance, refers to "public assistance or food stamps" (Social Services Law § 131 [12]), thereby distinguishing the two (*see generally Matter of Sorokina v Hansell*, 45 AD3d 1388, 1389, *appeal dismissed* 10 NY3d 806; *Matter of Kolodziejczyk v Wing*, 261 AD2d 927, 927-928; *Matter of Bryant v Perales*, 161 AD2d 1186, 1187, *lv denied* 76 NY2d 710).  Because plaintiff's income does not fall below the poverty income guidelines when the value of her food stamps is included, we modify the judgment by vacating the award of child support, and we remit the matter to Supreme Court to recalculate plaintiff's child support obligation in compliance with the CSSA (*see Lauzonis v Lauzonis*, 105 AD3d 1351, 1354).

Finally, we reject defendant's contention that the duration of plaintiff's maintenance award should be reduced from 15 to five years. The Referee considered the appropriate statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]; *Lazar*, 124 AD3d at 1243) and, under the circumstances, including plaintiff's age, disability, and role as a homemaker for the majority of the parties' marriage, we cannot conclude that the duration of the maintenance award was an abuse of discretion (*see Myers v Myers*, 118 AD3d 1315, 1316; *Rooney v Rooney* [appeal No. 3], 92 AD3d 1294, 1295, *lv denied* 19 NY3d 810).

Entered:  June 19, 2015                           Frances E. Cafarell
                                                  Clerk of the Court