# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1098**
**CA 15-00151**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

JO ANN D'AMATO, PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

JOSEPH D'AMATO, DEFENDANT-RESPONDENT.

---

HOGAN WILLIG, PLLC, AMHERST (STEVEN G. WISEMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BENNETT, SCHECHTER, ARCURI & WILL, LLC, BUFFALO (CAROL A. CONDON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered June 23, 2014 in a divorce action. The judgment, inter alia, equitably distributed the marital assets of the parties.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by increasing the award of attorney's fees to $10,000, and by vacating the 20th decretal paragraph and directing defendant to pay toward the cost of his son's college education 50% of the cost of an education at a college in the State University of New York system, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, to calculate that amount.

Memorandum: Plaintiff appeals from a judgment of divorce that, among other things, awarded plaintiff durational maintenance, awarded plaintiff $5,000 in attorney's fees, and determined that defendant had no obligation to contribute to the cost of the college education of the parties' son.

We reject plaintiff's contention that she should have been awarded nondurational maintenance. "As a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Gately v Gately*, 113 AD3d 1093, 1093, *lv dismissed* 23 NY3d 1048 [internal quotation marks omitted]; *see McCarthy v McCarthy*, 57 AD3d 1481, 1481-1482), and we perceive no abuse of discretion here. Although the authority of this Court in determining issues of maintenance is as broad as that of the trial court, we decline to substitute our discretion for that of the trial court with respect to the duration of defendant's maintenance obligation (*see Martin v Martin*, 115 AD3d 1315, 1315; *see generally Scala v Scala*, 59 AD3d 1042, 1043).

Plaintiff further contends that Supreme Court erred with respect to the distributive award by permitting defendant to recoup his overpayment of child support and maintenance during the pendency of the action.  We note with respect to child support that, although there is a strong public policy against restitution or recoupment of child support overpayments (*see Johnson v Chapin*, 12 NY3d 461, 466, *rearg denied* 13 NY3d 888; *Matter of Annette M.R. v John W.R.*, 45 AD3d 1306, 1307), here the record establishes that the court did not award defendant credit for overpayment of child support.  Contrary to plaintiff's contention with respect to maintenance, we conclude that the court did not abuse its discretion in giving defendant a credit for his overpayment of maintenance during the pendency of the action (*see Johnson*, 12 NY3d at 466).

We agree with plaintiff, however, that the court abused its discretion in awarding her only $5,000 in attorney's fees, inasmuch as defendant "is the monied spouse and there is no evidence in this record that [plaintiff] engaged in dilatory tactics" (*Murphy v Murphy*, 126 AD3d 1443, 1447; *see* Domestic Relations Law § 237 [a]; *Mann v Mann*, 244 AD2d 928, 929-930).  We therefore modify the judgment by increasing the award of attorney's fees to $10,000.

We also agree with plaintiff that the court erred in refusing to direct defendant to contribute to the cost of the son's education at a private college, and we therefore further modify the judgment accordingly.  Upon consideration of the parents' educational backgrounds, the child's scholastic ability, and the parents' ability to pay (*see Francis v Francis*, 72 AD3d 1594, 1595; *Reiss v Reiss*, 56 AD3d 1293, 1294), we conclude that "[defendant's] contribution should [be] 50% of what it would annually cost to send his son to a college in the State University of New York (hereinafter SUNY) system" (*Matter of Holliday v Holliday*, 35 AD3d 468, 469; *see Reiss*, 56 AD3d at 1294), with a credit for the $5,000 that defendant contributed to the son's college expenses pursuant to a prior order.  Inasmuch as we are unable to determine the annual cost of attending a college in the SUNY system from the record on appeal, we remit the matter to Supreme Court to calculate the amount of defendant's contribution (*see Holliday*, 35 AD3d at 469).  We note that, upon remittal, the court may consider whether defendant is entitled to a credit against child support for college expenses, " 'taking into account the needs of the custodial parent to maintain a household and provide certain necessaries' " (*Juhasz v Juhasz* [appeal No. 2], 92 AD3d 1209, 1212).

Finally, we reject plaintiff's contention that the court erred in refusing to order defendant to pay plaintiff the sum of $4,650, for a debt incurred to purchase a vehicle for the parties' daughter.  It is undisputed that defendant owes the debt to a third party for an expense incurred after the commencement of the divorce action, and thus the court properly refused to order him to pay that amount to plaintiff.  "Expenses incurred after the commencement of an action for a divorce are, in general, the responsibility of the party who

incurred the debt" (*Epstein v Messner*, 73 AD3d 843, 845).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court