# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**328**

**CA 16-01543**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

JAN C. SHINE, PLAINTIFF-RESPONDENT-APPELLANT,

V                                              MEMORANDUM AND ORDER

PAUL R. SHINE, DEFENDANT-APPELLANT-RESPONDENT.

---

JAMES P. RENDA, BUFFALO, FOR DEFENDANT-APPELLANT-RESPONDENT.

SHAW & SHAW, P.C., HAMBURG (JAMES M. SHAW OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

-----------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court,
Erie County (James H. Dillon, J.), entered December 4, 2015.  The
judgment, among other things, adjudged that defendant is to pay
spousal maintenance to plaintiff.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendant appeals and plaintiff cross-appeals from a
judgment of divorce that, inter alia, directed defendant to pay
maintenance and denied plaintiff's application for attorneys' fees and
experts' fees.  Contrary to the parties' contentions, the maintenance
award is appropriate in its amount and duration.  "Although the
authority of this Court in determining issues of maintenance is as
broad as that of the trial court" (*D'Amato v D'Amato*, 132 AD3d 1424,
1425), "[a]s a general rule, the amount and duration of maintenance
are matters committed to the sound discretion of the trial court"
(*Gately v Gately*, 113 AD3d 1093, 1093, *lv dismissed* 23 NY3d 1048
[internal quotation marks omitted]).  We perceive no abuse of
discretion here (*see id.*).  Supreme Court "properly considered
plaintiff's 'reasonable needs and predivorce standard of living in the
context of the other enumerated statutory factors' set forth in the
statute" (*Wilkins v Wilkins*, 129 AD3d 1617, 1618, quoting *Hartog v
Hartog*, 85 NY2d 36, 52; *see Lazar v Lazar*, 124 AD3d 1242, 1243), and
we decline to substitute our discretion for that of the court.

Contrary to plaintiff's further contention, the court did not
abuse its discretion in denying her application for attorneys' fees
and experts' fees.  "Given plaintiff's substantial assets[,] the
significant award of maintenance," and the significant amounts of
money previously paid by defendant for plaintiff's attorneys and
experts, we conclude that the court properly ordered plaintiff to pay
her own costs and fees (*Atwal v Atwal* [appeal No. 2], 270 AD2d 799,

799, *lv denied* 95 NY2d 761; *see Gifford v Gifford*, 132 AD3d 1123, 1126; *Heymann v Heymann*, 102 AD3d 832, 835).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court