Peck v Peck (2018 NY Slip Op 08805)





Peck v Peck


2018 NY Slip Op 08805


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1177 CA 18-00842

[*1]KAREN R. PECK, PLAINTIFF-APPELLANT,
v
DONALD E. PECK, DEFENDANT-RESPONDENT. 






FINOCCHIO, ENGLISH & DORN, SYRACUSE (MARK ENGLISH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MACHT, BRENIZER & GINGOLD, P.C., SYRACUSE (SARA E. LOWENGARD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered August 3, 2017 in a divorce action. The judgment, among other things, equitably distributed the marital property, awarded durational maintenance to plaintiff and awarded plaintiff attorney's fees. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, distributed the marital property between the parties and awarded her maintenance and attorney's fees. We affirm.
Contrary to plaintiff's contention, we conclude that Supreme Court did not err in setting the amount and duration of the maintenance award. "Although the authority of this Court in determining issues of maintenance is as broad as that of the trial court" (D'Amato v D'Amato, 132 AD3d 1424, 1425 [4th Dept 2015]), "[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Gately v Gately, 113 AD3d 1093, 1093 [4th Dept 2014], lv dismissed 23 NY3d 1048 [2014] [internal quotation marks omitted]). We perceive no abuse of discretion here. The court "properly considered plaintiff's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors' set forth in the statute" (Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015], quoting Hartog v Hartog, 85 NY2d 36, 52 [1995]; see Domestic Relations Law
§ 236 [B] [former (6) (a)]), including the payor spouse's present and future earning capacity (see Morrissey v Morrissey, 259 AD2d 472, 473 [2d Dept 1999]), and the equitable distribution of marital property (see Zufall v Zufall, 109 AD3d 1135, 1136 [4th Dept 2013], lv denied 22 NY3d 859 [2014]). We decline to substitute our discretion for that of the court.
Contrary to plaintiff's further contention, the court did not abuse its discretion in ordering defendant to transfer funds from his retirement accounts to plaintiff's retirement accounts in order to equalize the value of the parties' respective retirement accounts (see Schiffmacher v Schiffmacher, 21 AD3d 1386, 1386-1387 [4th Dept 2005]). While it is well established that equitable distribution does not require equal distribution (see Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]; Schiffmacher, 21 AD3d at 1386), we conclude that, here, equal distribution of the funds in the parties' retirement accounts is appropriate based on consideration of the pertinent statutory factors, as well as the substantial maintenance award and the equitable distribution of the other marital assets to plaintiff (see Robbins-Johnson v Johnson, 20 AD3d 723, 725 [3d Dept 2005]).
Finally, we reject plaintiff's contention that the court abused its discretion in awarding her only a portion of the requested amount of attorney's fees. In making its award of attorney's [*2]fees, the court took note of the substantial distribution of assets to plaintiff, as well as defendant's payment of plaintiff's living expenses and plaintiff's receipt of an unearned salary from defendant's business since the commencement of this action (see Shine v Shine, 148 AD3d 1665, 1666 [4th Dept 2017]; Gifford v Gifford, 132 AD3d 1123, 1126 [3d Dept 2015]). Thus, "the court's award of counsel fees was a proper exercise of discretion that is supported by the equities of the case and the financial circumstances of the parties' " (Matter of Viscuso v Viscuso, 129 AD3d 1679, 1683 [4th Dept 2015]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court