Keshav v Singh (2019 NY Slip Op 06324)





Keshav v Singh


2019 NY Slip Op 06324


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


665 CA 18-02122

[*1]KYLIE F. KESHAV, PLAINTIFF-APPELLANT-RESPONDENT,
v
KESHAV F. SINGH, DEFENDANT-RESPONDENT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SHARI JO REICH OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
MATTINGLY CAVAGNARO LLP, BUFFALO (CHRISTOPHER S. MATTINGLY OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment of the Supreme Court, Erie County (James H. Dillon, J.), entered June 23, 2017. The judgment, inter alia, awarded plaintiff maintenance. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff wife appeals and defendant husband cross-appeals from a decision that, inter alia, distributed the parties' marital property and awarded plaintiff maintenance. Although "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]), we nevertheless exercise our discretion to treat the notices of appeal and cross appeal as valid and deem the appeal and cross appeal as taken from the judgment of divorce (see CPLR 5520 [c]; Ponzi v Ponzi, 45 AD3d 1327, 1327 [4th Dept 2007]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]).
Contrary to the parties' contentions on appeal and cross appeal, we conclude that Supreme Court did not abuse its discretion in setting the amount and duration of plaintiff's maintenance award. "Although the authority of this Court in determining issues of maintenance is as broad as that of the trial court" (D'Amato v D'Amato, 132 AD3d 1424, 1425 [4th Dept 2015]), "[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Gately v Gately, 113 AD3d 1093, 1093 [4th Dept 2014], lv dismissed 23 NY3d 1048 [2014] [internal quotation marks omitted]). Here, the court properly "considered plaintiff's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors set forth in the statute" (Peck v Peck, 167 AD3d 1518, 1519 [4th Dept 2018] [internal quotation marks omitted]; see Domestic Relations Law § 236 [B] [former (6) (a)]), including that plaintiff's disability prevented her from working (see § 236 [B] [former (6) (a) (8)]), that the equitable distribution of marital property alone would be insufficient to support her needs (see § 236 [B] [former (6) (a) (15)]; see generally Zufall v Zufall, 109 AD3d 1135, 1136 [4th Dept 2013], lv denied 22 NY3d 859 [2014]), and that defendant's present and future earning capacity, for the most part, remained consistent (see § 236 [B] [former (6) (a) (1)]; see generally Morrissey v Morrissey, 259 AD2d 472, 473 [2d Dept 1999]). We decline to substitute our discretion for that of the court.
Plaintiff further contends on appeal that the court erred in using a 2014 appraisal, rather than a 2016 appraisal, in determining the value of the marital residence. Here, the judgment provided defendant the option of purchasing plaintiff's interest in the marital residence (cf. Lamparillo v Lamparillo, 130 AD3d 580, 582 [2d Dept 2015]), and the 2014 appraisal was used only for the limited purpose of calculating the amount defendant would be required to pay if he exercised that option (buyout amount). Although defendant provided the requisite notice of his intent to exercise the option, he failed to comply with the requirement in the judgment that he [*2]pay plaintiff the buyout amount within 90 days. Thus, pursuant to the judgment, the marital residence was required to be immediately listed for sale. We therefore conclude that plaintiff's contention regarding the use of the 2014 appraisal is moot.
We have examined the remaining contentions raised on the appeal and the cross appeal and conclude that they are without merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court