■ FRANCIS GATTNIG, an Infant, by His Guardian ad Litem, CHARLES GATTNIG, et al., Respondents, v. MARK CAREY, Appellant.— Order entered on December 15, 1960, granting plaintiffs' motion for summary judgment, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bastow, JJ.

■ COSMO TINO, Plaintiff, and VINCENZA BOGGIA, as Administratrix of the Estate of MARIA BOGGIA, Deceased, Respondent, v. PATRICK R. FLYNN et al., Respondents-Appellants, and FRANK VAGNONE et al., Appellants-Respondents.— Orders entered on December 6, 1960, insofar as they denied the motions by defendants to strike the case from the calendar are unanimously reversed, without costs, and the motions granted to the extent of striking the case from the calendar, and plaintiffs' cross motion to restore granted to the extent of remanding the motion to Trial Term, Part I, of Bronx County, for a hearing on the facts and circumstances surrounding the settlement stipulation with particular reference to the question of whether the settlement was agreed upon without any authority from the plaintiffs. A settlement agreed upon in open court and recorded in the court's minutes should not be set aside upon the basis of the present state of the record. The affidavits do not satisfactorily show that the attorney was not authorized to make the settlement when the stipulation was agreed upon, particularly in the absence of an affidavit of the client to that effect. A change of heart by the client — if that were the case — would not negative a prior authorization. Only after all of the facts are explored at a hearing can it be determined whether the litigation was settled without the client's consent and authorization. The ex parte restoration of the case to the calendar, without formal motion or notice to the defendants, was improper, and defendants were entitled to have the case stricken from the calendar. Restoration must await the disposition of plaintiffs' cross motion after the hearing directed hereinabove. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ (A) IRVING M. SCHWARTZ, Doing Business as ACME TRADING COMPANY v. COLORFILM, INC. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ. (B) In the Matter of WILLIS M. WEEDEN v. SOLOMON E. SENIOR, as Chairman of the Workmen's Compensation Board, State of New York. Concur — Rabin, J. P., Valente, McNally, Steuer and Bastow, JJ. (C) RHODA SALTER et al. v. ISIDORE REISS et al., Doing Business under the Name of 110 EAST END Co. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.— [In each action] Motion for reargument or for leave to appeal to the Court of Appeals denied, with $10 costs.

■ IRVING F. KRAUSE v. EDITH K. KRAUSE et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. The stay contained in the order to show cause, dated March 8, 1961, is vacated. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ JOSEPH AMITRANO et al., Doing Business as AMITRANO BROTHERS, v. CITY OF NEW YORK et al.— Application granted. The stay contained in the order to show cause, dated March 8, 1961, is continued pending the hearing and determination of the appeal. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.