■ MARY L. LYNCH, Appellant, v MICHAEL J. LYNCH, Respondent. — Order unanimously modified, and, as modified, affirmed, with costs to plaintiff, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant, represented by substituted counsel, moved to enjoin the court from modifying a

judgment of divorce in accordance with a stipulation of settlement which previously had been agreed to on the record by defendant's former attorney, who at that time expressly represented that he had defendant's authority to agree to the terms of the stipulation. On return of the motion, the only sworn statement before the court was defendant's affidavit alleging in conclusory fashion that he had not authorized the settlement "based upon such terms" and thus he had not consented to the settlement.

It was error for the court to conclude, without first conducting an evidentiary hearing, that the stipulation of settlement was null and void (*Tino v Flynn*, 13 AD2d 490). An unauthorized settlement stipulation is a nullity (*Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435), but if the agreement of settlement "was complete when dictated into the record and assented to by the parties or by their attorneys acting within the authority delegated to them", it should be enforced even though, as here, a party seeks to disavow it before an order is signed and entered (*Owens v Lombardi*, 41 AD2d 438, 439-440). While the trial court has discretionary power to relieve parties from the consequences of a stipulation entered into during litigation (*Teitelbaum Holdings v Gold*, 48 NY2d 51), such relief should sparingly be granted and only for good cause shown (see *Matter of Frutiger*, 29 NY2d 143). The issue of whether defendant's former counsel had authority to agree to the settlement may only be resolved after a hearing at which plaintiff's counsel should be permitted to cross-examine defendant and his former counsel.

Finally, we note that in the order appealed from the Justice recused himself from further participation in this case. That part of the order is not appealable (CPLR 5701). (Appeal from order of Supreme Court, Erie County, Ricotta, J. — compel compliance with divorce decree.) Present — Dillon, P. J., Callahan, Doerr, Denman and O'Donnell, JJ.