■ PHILIP HIRSCH, Appellant, v LOUIS A. MANZIONE, Respondent, et al., Defendant.—In a mortgage foreclosure action, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated December 16, 1985, which denied his motion for an order directing a named Referee to compute the amount due on the subject mortgages in accordance with the plaintiff's report of computations, and granted the respondent's cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the motion is granted to the extent that the Supreme Court, Kings County, is directed to appoint a Referee other than the one heretofore named, which Referee shall conduct a hearing and render a determination of the amount due to the plaintiff, and the motion is otherwise denied.

On April 25, 1985, after the plaintiff had moved for summary judgment, the parties signed a stipulation whereby, *inter alia*, the respondent withdrew his opposition to the plaintiff's motion for summary judgment, withdrew his answer and counterclaim with prejudice, and consented to "an order of reference" to compute and the "continuation of the action by plaintiff to judgment of foreclosure". As there is no evidence in the record that the stipulation was tainted by fraud, collusion, mistake, accident, or any other ground which might suffice to invalidate a contract, the stipulation should have been given full effect *(cf., Hallock v State of New York,* 64 NY2d 224, 230).

We note that even if the respondent had not withdrawn his answer, none of the statutes that he asserted as a bar to this action, namely, RPAPL 1301 (3), CPLR 5230 (a), or CPLR 5236 (b), present any bar to this foreclosure action *(see, Jamaica Sav. Bank v Henry,* 112 AD3d 920; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5230:3, at 334-335; CPLR C5236:3, at 425).

Although, while the instant motion and cross motion were pending, the parties subsequently entered into a second stipulation whereby the plaintiff was to enter a judgment for a stated sum against the defendant, it appears that the defen-

dant made a mistake in the computation of that sum, and that the parties dispute the sum owed by the defendant to the plaintiff. Consequently, the defendant should be relieved of the burden of the second stipulation (cf., *Carrion v Metropolitan Transp. Auth.,* 92 AD2d 907).

In light of the failure of the Referee to whom the matter was referred after the first stipulation to render a decision, Special Term shall appoint a different Referee to compute the amount owed to the plaintiff. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.