■ RAYMOND D'ASTOLI, Respondent, v ROSE D'ASTOLI, Appellant. [607 NYS2d 968] —In an action to impose a constructive trust on real property, the defendant appeals from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated December 16, 1991, as, upon her cross motion, *inter alia,* to dismiss the complaint with prejudice and cancel the notice of pendency on the subject property, dismissed the complaint without prejudice, and declined to cancel the notice of pendency.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion is granted to the extent that the complaint is dismissed with prejudice, and the notice of pendency is canceled.

The parties entered into a stipulation of settlement in open court, in which the plaintiff agreed, *inter alia,* to withdraw his complaint with prejudice, "subject to the terms of this stipulation". Subsequently, the plaintiff moved to vacate the stipulation and proceed to trial, relying on a provision in the stipulation allowing either party to seek vacatur in event of inability to comply. The defendant cross-moved, *inter alia,* to dismiss the complaint with prejudice and to cancel the notice of pendency. The Supreme Court found, in effect, that the plaintiff failed to make a good faith effort to obtain mortgage financing with which to purchase the property, as required by the stipulation. Therefore, the court denied the plaintiff's motion and granted the defendant's cross motion, but only to the extent of dismissing the complaint without prejudice and with leave to commence another action within six months.

Pursuant to the terms of the stipulation, the complaint should have been dismissed with prejudice (see, *Hirsch v Manzione,* 130 AD2d 714; *Sontag v Sontag,* 114 AD2d 892), and the notice of pendency canceled. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.