■ DENISE M. SORGE, Respondent-Appellant, v JOHN J. SORGE, Appellant-Respondent. [660 NYS2d 776] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly set aside a prior oral stipulation placed on the record by the parties' attorneys that resolved certain temporary issues. It is undisputed that the parties were not present when that stipulation was placed on the record, nor was the stipulation reduced to writing, signed or acknowledged by the parties. Because that stipulation did not meet the requirements of Domestic Relations Law § 236 (B) (3), it was not valid (*see, Hanford v Hanford*, 91 AD2d 829; *Giambattista v Giambattista*, 89 AD2d 1057; *see also, James v James*, 202 AD2d 1006). *Lynch v Lynch* (105 AD2d 1069), relied upon by defendant, is not applicable because in *Lynch* the stipulation was made subsequent to the entry of the judgment of divorce and was not "made before or during the marriage" (Domestic Relations Law § 236 [B] [3]).

That part of the judgment directing defendant to pay child support does not contain an improper escalation clause. That clause was intended to accommodate the expressed concerns of defendant that his income was significantly higher in the most recent years because of overtime that might not be earned in future years and thus inures to his benefit.

We conclude that the court properly determined the amount of retroactive child support due and did not abuse its discretion in declining to make a distributive award of the value of the machine shop equipment purchased by defendant during the marriage. (Appeals from Judgment of Supreme Court, Oneida County, Tenney, J.—Support.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.