In the Matter of LISA LEWIS, Appellant, v FRANCIS A. REDHEAD, Respondent. [830 NYS2d 238]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Grosvenor, J.), dated December 7, 2005, as denied her objections to so much of an order of the same court (Fasone, S.M.), dated March 14, 2005, as, after a hearing, fixed the amount the father owed her for retroactive child care expenses and awarded the father an offset in the sum of $8,184.28 against the award of retroactive child care expenses.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On the mother's original petition in this child support proceeding, the Family Court determined on January 5, 2001 that the father received 57% of the total parental income, and applied that percentage to calculate the award of basic child support. The mother repeatedly attempted to reopen or vacate the basic support order, contending that the father had hidden income from the Family Court. Such attempts were unsuccessful. However, in issuing the basic support order dated July 15, 2002, the Support Magistrate failed to award child care expenses. On appeal from the Family Court's order denying the mother's objections, this Court, inter alia, remitted the matter to the Family Court for a determination of the father's pro rata

share of child care expenses (*see Matter of Lewis v Redhead*, 5 AD3d 600, 601 [2004]).

Upon remittal, the Support Magistrate did not recalculate the parties' respective incomes, instead applying the father's previously determined income percentage of 57% to the mother's accrued child care expenses. The Support Magistrate further set off, as against the amount of retroactive child care expenses, the amount that the Family Court previously determined the father had overpaid on his support obligation. The mother objected, and her objections were denied by the Family Court. The mother appeals, and we affirm.

Contrary to the mother's contention, the Support Magistrate properly determined the father's pro rata share of child care expenses, incurred prior to the date of filing of the mother's petition for modification of the support order, by reference to the January 5, 2001 determination of the parties' respective incomes, and the father's pro rata share of such expenses incurred subsequent to that date in accordance with the income determinations made after the hearing on the mother's petition for modification of the basic support order. We reject the mother's reading of our March 15, 2004 decision and order as requiring a new hearing on the parties' respective incomes at the time of the filing of the original support petition. Such reading contradicts our simultaneous rejection of the mother's contentions with respect to the Support Magistrate's denial of her motion for leave to reopen or reconsider the original basic support order. The mother's interpretation would also require the Family Court to issue separate, possibly contradictory, findings of the parties' respective incomes at the time of the filing of the original petition, to be applied in calculating the father's basic support and child care expense obligations for the same period. Such a result was not intended. Accordingly, the mother's objection with respect to that issue was properly denied.

In addition, the Family Court properly found that the father had overpaid on his support obligation in the amount of $8,184.28, and properly applied that amount against the retroactive child care expense balance (*see Baraby v Baraby*, 250 AD2d 201, 205 [1998]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.