■ PHYLLIS TOMEI, Respondent, v PASQUALE TOMEI, Appellant. (Appeal No. 1.) [834 NYS2d 781]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 22, 2006. The order, insofar as appealed from, granted that part of plaintiff's motion to correct and resettle the judgment of divorce to include an oral stipulation of settlement with respect to defendant's pension benefits.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in part, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In connection with the action of divorce commenced by plaintiff in 1994, the parties placed an oral stipulation of settlement on the record in 1996 that, inter alia, provided for the distribution of the marital property, including defendant's pension benefits. Neither party executed the stipulation. Two years later, Supreme Court issued a judgment of divorce and a qualified domestic relations order (QDRO), dividing defendant's pension benefits pursuant to the formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]). The record does not indicate that the

QDRO was served on defendant or that it was filed at that time. When the QDRO was filed with the pension plan administrator in 2002, it was rejected as nonqualifying. By the order in appeal No. 1, the court granted plaintiff's motion to correct and resettle the judgment of divorce and, by the order in appeal No. 2, the court granted plaintiff's motion to amend the QDRO and denied defendant's cross motion to vacate the QDRO. By the amended order in appeal No. 3, the court issued an amended QDRO that made an upward adjustment of plaintiff's monthly payments for a period of 64 months as the result of pension benefit overpayments to defendant.

We note at the outset that, as limited by their briefs, the parties address only the propriety of the stipulation of settlement with respect to defendant's pension benefits, and thus we in turn address only the validity of that part of the stipulation of settlement. Domestic Relations Law § 236 (B) (3) provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Because the unacknowledged oral stipulation of the parties failed to meet the statutory requirements, it was ineffective with respect to the pension benefits, and the court thus was required to distribute them (see § 236 [B] [5] [a]). Because that did not occur, we reverse the order insofar as appealed from in appeal No. 1, deny plaintiff's motion in part, and remit the matter to Supreme Court for distribution of defendant's pension benefits (see Hanford v Hanford, 91 AD2d 829, 830 [1982]; Giambattista v Giambattista, 89 AD2d 1057, 1058 [1982]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.