LEON R. KOZIOL, Appellant, v KELLY HAWSE KOZIOL, Respondent. (Appeal No. 1.) [878 NYS2d 524]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered February 12, 2007 in a divorce action. The order, insofar as appealed from, denied the motion of plaintiff for custody and suspension of his support obligations pending determination of the action.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: As limited by his brief, in appeal No. 1 plaintiff appeals from those parts of a pendente lite order concerning his custody and support obligations. Appeal No. 1 must be dismissed because, inter alia, the order in that appeal was rendered moot by the subsequent judgment of divorce issued in appeal No. 2 (*see Kelly v Kelly*, 19 AD3d 1104, 1105-1106 [2005], *appeal dismissed* 5 NY3d 847 [2005], *reconsideration denied and lv dismissed in part and denied in part* 6 NY3d 803 [2006]). Appeal No. 2 also must be dismissed because plaintiff's contentions with respect to the judgment therein concern issues that were resolved by the parties' 2004 "Stipulation of Settlement" and 2005 "Modification Agreement" that were incorporated but not merged in the judgment of divorce. Thus, plaintiff is not aggrieved by the judgment in appeal No. 2 (*see* CPLR 5511; *Gaudette v Gaudette*, 234 AD2d 619, 621 [1996], *appeal dismissed* 89 NY2d 1023 [1997], *rearg denied* 90 NY2d 845 [1997], *rearg dismissed* 90 NY2d 937 [1997]; *Hopkins v Hopkins*, 97 AD2d 457 [1983]). "The proper remedy is a motion to set aside th[e] stipulation [and agreement]" (*Hopkins*, 97 AD2d at 458).

In appeal No. 3, plaintiff contends that, because of the "sensitive family matters" involved in this action, Supreme Court erred in refusing to amend the caption of the pleadings in order to protect the anonymity of the parties and their children. We reject that contention. "In matters involving child custody issues such relief should be granted only in the rare case, where, in considering the best interests of the children, there is a finding that their health and welfare would be protected, not their 'privacy' " (*Anonymous v Anonymous*, 27 AD3d 356, 361 [2006]), and plaintiff has failed to establish that this is one of those rare cases. We conclude with respect to appeal No. 4 that the court properly denied plaintiff's post-divorce cross motion seeking "custody and/or parenting time." The judgment of divorce referred all future matters concerning custody and visitation to Family Court and, indeed, plaintiff commenced a proceeding seeking custody in Family Court (*see generally* Family Ct Act § 651 [a]).

Finally, contrary to plaintiff's contention, the court was not divested of jurisdiction in this divorce action based on the fact that the Attorney General was not placed on notice of plaintiff's constitutional challenges to certain sections of the Domestic Relations Law. Pursuant to CPLR 1012 (b) (3), the court shall not consider the constitutionality of any state statute "unless proof of service of the notice required by [CPLR 1012] is filed with such court." Thus, it is the burden of the party challenging the

state statute to place the Attorney General on notice of the constitutional challenge, and there is nothing in the record establishing that plaintiff provided such notice to the Attorney General or filed proof of service with the court. The court therefore properly did not address the constitutionality of the statutes challenged by plaintiff (*see Gina P. v Stephen S.*, 33 AD3d 412, 415-416 [2006]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.