■ CHERYL A. HAYEK, Respondent, v GEORGE M. HAYEK, Appellant. [881 NYS2d 569]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 25, 2008. The order modified defendant's child support obligation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second through sixth ordering paragraphs and by providing that the modification of child support shall be retroactive to October 4, 2006 and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff, the former wife of defendant, filed an order to show cause on October 4, 2006 seeking, inter alia, modification of defendant's child support obligation, and defendant contends on appeal that Supreme Court erred in directing him to pay increased child support retroactive to the year 2002. We agree with defendant that the court erred in directing that the child support modification be retroactive to a date prior to the filing of the instant order to show cause. Pursuant to Domestic Relations Law § 236 (B) (7) (a), a modification of child support shall "be effective as of the date of the application therefor" (*see* § 240 [1] [j]). Thus, the court should have directed that the modification of child support be retroactive to October 4, 2006, the date on which plaintiff filed the order to show cause seeking that relief (*see Bailey v Bailey*, 48 AD3d 1123, 1124-1125 [2008]; *Kelly v Kelly*, 19 AD3d 1104, 1107 [2005], *appeal dismissed* 5 NY3d 847 [2005], *reconsideration denied* 6 NY3d 803 [2005]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to recalculate support arrears for the period from October 4, 2006 through November 2, 2007.

We have considered defendant's further contentions and conclude that they are without merit. Finally, we note that plaintiff's cross appeal was deemed abandoned and dismissed based on plaintiff's failure to perfect it in a timely manner (*see* 22 NYCRR 1000.12 [b]). We therefore have not considered plaintiff's requests for affirmative relief. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.