■ JOAN M. (FUDELLA) FLASH, Respondent, v ROBERT FUDELLA, Appellant. [881 NYS2d 791]—

Appeal from an order (denominated judgment) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 10, 2008 in a postjudgment divorce action. The order, inter alia, ordered defendant to pay child support arrears.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order (denominated judgment) requiring him to pay child support arrears. We affirm.

Pursuant to the parties' stipulation, which was incorporated but not merged in the parties' 1997 judgment of divorce, defendant was to pay child support for a period of five years, after which period either party could move to modify the amount of child support. By order to show cause filed June 29, 2005, plaintiff moved for child support arrears pursuant to the judgment of divorce and for other relief, and defendant cross-moved to vacate that part of the judgment incorporating the stipulation with respect to child support, health-related expenses and Catholic school education. Supreme Court issued two prior orders (denominated decisions) on the motion and cross motion, neither of which is the subject of this appeal. In one of those orders, the court granted the cross motion in part and vacated that part of the judgment incorporating the stipulation with respect to child support on the ground that the stipulation failed to comply with the Child Support Standards Act ([CSSA] Domestic Relations Law § 240 [1-b]). In the other order, the court determined that the child support arrears should be assessed from the year 2001 because defendant had failed to move to modify his child support obligation. The court thereafter issued the order that is the subject of this appeal, determining the amount of child support owed by defendant from the years 2001 through 2007 and ordering defendant to pay the amount of those arrears, as well as future amounts.

In support of his contention that the court erred in ordering him to pay child support arrears, defendant asserts that plaintiff expressly waived her right to receive child support pursuant to

an oral agreement in February 2001. We reject that contention. The court was entitled to credit the testimony of plaintiff over that of defendant at the hearing on the motion and cross motion, and the court's credibility determination is entitled to great deference (see Mirand v Mirand, 53 AD3d 1149 [2008]).

We reject the further contention of defendant that the court erred in recalculating his child support arrears from February 2001, when defendant ceased making child support payments, rather than from June 29, 2005, the date on which plaintiff's order to show cause seeking enforcement of the judgment was filed. As noted, in one of the two prior orders the court granted defendant's cross motion insofar as it sought to vacate that part of the judgment incorporating the stipulation with respect to child support, which it properly determined to be invalid and unenforceable (see Warnecke v Warnecke, 12 AD3d 502, 503-504 [2004]; Tartaglia v Tartaglia, 260 AD2d 628, 629 [1999]). However, inasmuch as no evidence was presented with respect to defendant's child support obligation pursuant to the CSSA prior to February 2001, we will not disturb the court's determination of child support arrears pursuant to the CSSA from the date on which defendant ceased making child support payments (see generally Binette v Binette-Acker, 18 AD3d 589, 590 [2005]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.