■ STEFANY V. LEWIS, Respondent, v JOHN F. LEWIS, Appellant. [894 NYS2d 290]—

Appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 30, 2008 in a divorce action. The judgment, inter alia, awarded maintenance to plaintiff.

It is hereby ordered that the judgment so appealed from is modified on the law by vacating the 8th through 21st and 34th decretal paragraphs and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the

following memorandum: Defendant appeals from a judgment of divorce that, inter alia, directed him to pay to plaintiff the sum of $750 per month as maintenance for a period of 10 years and granted plaintiff's request for attorney's fees in the sum of $6,500. At the outset, we agree with defendant that Supreme Court erred in failing to set forth the reasons for its determination to award maintenance to plaintiff (*see Hartnett v Hartnett,* 281 AD2d 900, 901 [2001]). Consequently, "intelligent review of the amount and duration of the maintenance award . . . is not possible" (*id.; see Otto v Otto,* 150 AD2d 57, 61 [1989]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for a new determination with respect to maintenance and to set forth the reasons for its determination.

We reject defendant's contention that the court erred in incorporating the oral stipulation of the parties with respect to child custody into the judgment. In support of his contention, defendant relies upon Domestic Relations Law § 236 (B) (3), pursuant to which an agreement by the parties in a divorce action is enforceable if the agreement is, inter alia, in writing and subscribed by the parties (*see generally* CPLR 2104). "That reliance is misplaced, however, because '[t]he requirements of Domestic Relations Law § 236 (B) (3) pertain to stipulations [that affect] the equitable distribution of marital property' " (*Kelly v Kelly,* 19 AD3d 1104, 1106 [2005], *appeal dismissed* 5 NY3d 847, 6 NY3d 803 [2005]; *see Charland v Charland,* 267 AD2d 698, 699 [1999]). We agree with defendant, however, that the oral stipulation concerning the distribution of certain items of personal property was improperly incorporated into the judgment. That stipulation was transcribed into the record but was not reduced to writing, subscribed by the parties or acknowledged, as required by Domestic Relations Law § 236 (B) (3). We therefore further modify the judgment accordingly, and we direct Supreme Court upon remittal to make a new determination with respect to the distribution of the items of personal property distributed in the 8th through 21st decretal paragraphs following a further hearing, if necessary (*see generally James v James,* 202 AD2d 1006 [1994]).

We reject defendant's further contention that the court abused its discretion in granting plaintiff's request for attorney's fees. Plaintiff presented the invoices for her attorney's fees, and the evidence presented by the parties concerning their respective financial conditions supports the award of attorney's fees to plaintiff (*see McBride-Head v Head,* 23 AD3d 1010 [2005]).

Finally, defendant contends that he was denied effective assistance of counsel. In the context of civil litigation, however, such a contention will not be considered absent extraordinary circumstances, and such circumstances are not present here (*see Matter of Hares v Walker*, 8 AD3d 1019, 1020 [2004]).

All concur except Carni, J., who dissents in part in accordance with the following memorandum.

Carni, J. (dissenting in part). I respectfully dissent in part. I cannot agree with the majority that the requirements of Domestic Relations Law § 236 (B) (3) pertain only to stipulations that affect the equitable distribution of marital property. In my view, the oral stipulation with respect to custody of the parties' children was invalid because it failed to comply with the requirements of section 236 (B) (3). That section expressly includes agreements that provide "for the custody, care, education and maintenance of any child[ren] of the parties." (*Id.*) Further, the Court of Appeals stated in *Matisoff v Dobi* (90 NY2d 127, 132 [1997]) that section 236 (B) (3) "authorizes spouses or prospective spouses to contract out of the elaborate statutory system and provide for matters such as inheritance, distribution or division of property, spousal support, and *child custody and care* in the event that the marriage ends" (emphasis added).

I therefore would further modify the judgment by vacating the 2nd through 7th decretal paragraphs, and I would further direct Supreme Court upon remittal to make a new determination with respect to custody following a further hearing, if necessary. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.