**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**41**
**CA 14-01346**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

KENNETH F. MAVING, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

LISA M. MAVING, DEFENDANT-RESPONDENT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SHARI JO REICH OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered November 13, 2013. The order granted the quantum meruit application of defendant for attorneys' fees.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and defendant's application is denied.

Memorandum: In this divorce action, plaintiff appeals from an order granting defendant's quantum meruit application for attorneys' fees. The parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, provided that defendant could make an application for attorneys' fees within 15 days of the date of the stipulation. Defendant's attorney, however, did not file the application until almost six months after the date of the stipulation.

Plaintiff contends that Supreme Court erred in granting defendant's late application for attorneys' fees, which was in violation of the stipulation of settlement. We agree. Because "[m]arital settlement agreements are judicially favored" (*Simkin v Blank*, 19 NY3d 46, 52), "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230, citing *Matter of Frutiger*, 29 NY2d 143, 149-150). Here, defendant asserts that her attorney mistakenly thought he had 30 days from the entry of judgment of divorce to file the application. We conclude, however, that the unilateral mistake of defendant's attorney does not excuse defendant's failure to comply with the terms of a stipulation where, as here, the language in the stipulation is clear, unequivocal, and unambiguous (*see Morey v Sings*, 174 AD2d 870, 872; *Hirsch v*

*Manzione*, 130 AD2d 714, 714-715; 27 Richard A. Lord, Williston on Contracts § 70:104 at 520 [4th ed 1990]).