■ In the Matter of MARIA J., Appellant, for the Appointment of a Guardian of the Person and Property of PETER J., a Person Alleged to be Incapacitated. BERNHARDI & LUKASIK LAW OFFICES, as Counsel to PETER J., Respondent. (Proceeding No. 1.) In the Matter of KALEIDA HEALTH, Respondent, for an Order

Overriding the Health Care Decisions of the Guardian and Surrogate of PETER J., a Person Alleged to be Incapacitated. BERNHARDI & LUKASIK LAW OFFICES, as Counsel to PETER J., Respondent, et al., Respondent. (Proceeding No. 2.) [11 NYS3d 781]—Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 23, 2013. The order, among other things, adjudged that the appointment of Maria J. as guardian of the person and property of Peter J. is deemed to have ceased as of August 15, 2013.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: In this guardianship proceeding pursuant to article 81 of the Mental Hygiene Law, Maria J. (petitioner) contends that Supreme Court erred in directing that her appointment as guardian of her incapacitated son be terminated as of August 15, 2013. As petitioner acknowledges, however, she consented to that order, as well as to a subsequent order naming her other son as the successor guardian. The appeal must therefore be dismissed, inasmuch as " '[n]o appeal lies from an order entered by consent upon the stipulation of the appealing party' " (*Matter of Myers v Tracy*, 93 AD3d 1213, 1214 [2012]; *see Johnson v State of New York*, 256 AD2d 1179, 1179 [1998]). Although petitioner contends for the first time on appeal that her consent was not voluntary, the proper procedural vehicle for her to pursue that claim is a motion to vacate the order (*see Matter of Michelle F.*, 280 AD2d 969, 969 [2001]). Present—Scudder, P.J., Centra, Peradotto, Lindley and Whalen, JJ.