# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**839**
**CA 14-01791**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

AMY PETROCI, PLAINTIFF-RESPONDENT-APPELLANT,

V                                               MEMORANDUM AND ORDER

MICHAEL PETROCI, DEFENDANT-APPELLANT-RESPONDENT.

---

WILLIAM R. HITES, BUFFALO, FOR DEFENDANT-APPELLANT-RESPONDENT.

BOUVIER PARTNERSHIP LLP, BUFFALO (MELISSA H. THORE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (John F. O'Donnell, J.), entered December 17, 2013 in a divorce
action. The order, among other things, awarded plaintiff a money
judgment against defendant for maintenance arrears.

It is hereby ORDERED that said cross appeal is unanimously
dismissed and the order is modified on the law by vacating the seventh
ordering paragraph and directing that the modification of child
support be retroactive to February 14, 2012, and as modified the order
is affirmed without costs, and the matter is remitted to Supreme
Court, Erie County, for further proceedings in accordance with the
following memorandum: Defendant former husband appeals, and plaintiff
former wife cross-appeals, from an order that, inter alia, awarded
plaintiff a money judgment against defendant for maintenance arrears,
denied defendant's request for reimbursement from plaintiff for health
insurance premiums paid by him, and granted defendant a downward
modification of his child support obligation. We note at the outset
that we dismiss plaintiff's cross appeal inasmuch as she seeks only an
affirmance of the order (*see Loveless Family Trust v Koenig*, 77 AD3d
1447, 1448).

Defendant contends that Supreme Court erred in failing to order
plaintiff to reimburse him for amounts he spent to provide health
insurance coverage for the parties' children at times when the
parties' Property Settlement and Separation Agreement (Agreement)
required that plaintiff provide such coverage. We reject that
contention. Although we agree with defendant that the Agreement
required plaintiff to provide health insurance coverage under the
circumstances, we nevertheless agree with the court that defendant
failed to establish his entitlement to reimbursement inasmuch as he
"failed to present sufficient proof as to how much he . . . actually
paid for insurance premiums for the children as opposed to himself",
i.e., he failed to establish the price differential between a family

plan and an individual plan. Contrary to defendant's further contention, the court properly defined the "duration of [the] marriage" as the period between the date of marriage and the date of divorce for purposes of calculating maintenance under the Agreement, and the court was not required to apply the contrary definition of "[l]ength of marriage" applicable to an award of temporary maintenance under Domestic Relations Law § 236-B (5-a) (b) (3).

We agree with defendant that the court erred in not directing that the child support modification be retroactive to the date of his application therefor (*see* Domestic Relations Law § 240 [1] [j]; *Hayek v Hayek*, 63 AD3d 1598, 1599). We therefore modify the order accordingly. We further agree with defendant that the court erred in failing to adjust the parties' respective pro-rata shares of health insurance expenses, uninsured health care expenses, and child care expenses when it granted defendant's request for a downward modification of child support (*see* § 240 [1-b] [c] [4], [5]; *see also* § 240 [1] [d]; *see generally Griggs v Griggs*, 44 AD3d 710, 713-714; *Matter of Lewis v Redhead*, 37 AD3d 469, 470; *Rzepecki v Rzepecki*, 6 AD3d 1134, 1135). Consequently, we remit the matter to Supreme Court to calculate any arrears owed by, or credits due to, defendant (*see Lazar v Lazar*, 124 AD3d 1242, 1244; *Hayek*, 63 AD3d at 1599; *Sherman v Sherman*, 304 AD2d 744, 745).

Finally, "giving due deference to the court's credibility determinations" (*Leo v Leo*, 125 AD3d 1319, 1319; *see Flash v Fudella*, 64 AD3d 1242, 1243), we perceive no error in the award of extracurricular and child care expenses.

Entered: July 10, 2015                    Frances E. Cafarell
                                          Clerk of the Court