Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O’Donnell, J.), entered December 17, 2013 in a divorce action. The order, among other things, awarded plaintiff a money judgment against defendant for maintenance arrears.
It is hereby ordered that said cross appeal is unanimously dismissed and the order is modified on the law by vacating the seventh ordering paragraph and directing that the modification of child support be retroactive to February 14, 2012, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant former husband appeals, and plaintiff former wife cross-appeals, from an order that, inter alia, awarded plaintiff a money judgment against defendant for maintenance arrears, denied defendant’s request for reimbursement from plaintiff for health insurance premiums paid by him, and granted defendant a downward modification of his child support obligation. We note at the outset that we dismiss plaintiff’s cross appeal inasmuch as she seeks only an affirmance of the order (see Loveless Family Trust v Koenig, 77 AD3d 1447, 1448 [2010]).
Defendant contends that Supreme Court erred in failing to *1574 order plaintiff to reimburse him for amounts he spent to provide health insurance coverage for the parties’ children at times when the parties’ property settlement and separation agreement (agreement) required that plaintiff provide such coverage. We reject that contention. Although we agree with defendant that the agreement required plaintiff to provide health insurance coverage under the circumstances, we nevertheless agree with the court that defendant failed to establish his entitlement to reimbursement inasmuch as he “failed to present sufficient proof as to how much he . . . actually paid for insurance premiums for the children as opposed to himself,” i.e., he failed to establish the price differential between a family plan and an individual plan. Contrary to defendant’s further contention, the court properly defined the “duration of [the] marriage” as the period between the date of marriage and the date of divorce for purposes of calculating maintenance under the agreement, and the court was not required to apply the contrary definition of “[l]ength of marriage” applicable to an award of temporary maintenance under Domestic Relations Law § 236 (B) (5-a) (b) (3).
We agree with defendant that the court erred in not directing that the child support modification be retroactive to the date of his application therefor (see Domestic Relations Law § 240 [1] |j]; Hayek v Hayek, 63 AD3d 1598, 1599 [2009]). We therefore modify the order accordingly. We further agree with defendant that the court erred in failing to adjust the parties’ respective pro rata shares of health insurance expenses, uninsured health care expenses, and child care expenses when it granted defendant’s request for a downward modification of child support (see Domestic Relations Law § 240 [1-b] [c] [4], [5]; see also § 240 [1] [d]; see generally Griggs v Griggs, 44 AD3d 710, 713-714 [2007]; Matter of Lewis v Redhead, 37 AD3d 469, 470 [2007]; Rzepecki v Rzepecki, 6 AD3d 1134, 1135 [2004]). Consequently, we remit the matter to Supreme Court to calculate any arrears owed by, or credits due to, defendant (see Lazar v Lazar, 124 AD3d 1242, 1244 [2015]; Hayek, 63 AD3d at 1599; Sherman v Sherman, 304 AD2d 744, 745 [2003]).
Finally, “giving due deference to the court’s credibility determinations” (Leo v Leo, 125 AD3d 1319, 1319 [2015]; see Flash v Fudella, 64 AD3d 1242, 1243 [2009]), we perceive no error in the award of extracurricular and child care expenses. Present — Centra, J.P., Carni, Lindley and DeJoseph, JJ.