# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**32**

**CAF 14-02151**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF ANNABELLA B.C.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SANDRA L.C., RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, LAKE WORTH, FLORIDA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID E. BLACKLEY, ATTORNEY FOR THE CHILD, LOCKPORT.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered August 18, 2014 in a proceeding pursuant to Family Court Act article 10. The order denied respondent's motion to vacate an order of fact-finding and disposition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order denying her motion to vacate an order of fact-finding and disposition, which was entered on the consent of the parties. We agree with the mother that Family Court erred in denying the motion on the sole ground that a direct appeal from that order was pending. It is well settled that "[n]o appeal lies from an order entered upon the parties' consent" (*Matter of Bambi C.*, 238 AD2d 942, 942-943, *lv denied* 90 NY2d 805) and, indeed, we dismissed the mother's appeal from the consent order for that very reason (*Matter of Annabella B.C. [Sandra L.C.]*, 129 AD3d 1550). Thus, contrary to the court's determination, the mother's sole remedy was " 'to move in Family Court to vacate the order, at which time [she] [could] present proof in support of [her] allegations of duress, proof which is completely absent from this record' " (*Matter of Andresha G.*, 251 AD2d 1005, 1005; *see Matter of Polyak v Toyber*, 2 AD3d 642, 643; *Bambi C.*, 238 AD2d at 943). We therefore reverse the order and remit the matter to Family Court for further proceedings on the motion.

Entered: February 11, 2016                    Frances E. Cafarell
                                              Clerk of the Court