# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224**
**CA 15-01742**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

TRAVIS KEEGAN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRONWEN L. KEEGAN, DEFENDANT-APPELLANT.
(APPEAL NO. 3.)

---

PAUL M. DEEP, UTICA, FOR DEFENDANT-APPELLANT.

LUCILLE M. RIGNANESE, ROME, FOR PLAINTIFF-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILDREN, UTICA.

---

Appeal from a judgment of the Supreme Court, Oneida County (Joan E. Shkane, A.J.), entered June 3, 2015. The judgment, inter alia, granted primary physical custody of the parties' children to plaintiff.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating every decretal paragraph, except for the 2nd, 16th and 17th decretal paragraphs, and a new trial is granted on the issues of custody, visitation, child support, and equitable distribution.

Memorandum: Defendant appeals from a judgment of divorce that, inter alia, granted primary physical custody of the parties' children to plaintiff. On appeal, defendant contends that Supreme Court committed numerous errors, and that the judgment of divorce fails to conform with the mandatory provisions of the Domestic Relations Law and is deficient as it pertains to the issues of custody, visitation, child support, and equitable distribution. We agree and therefore modify the judgment by vacating every decretal paragraph therein, except for the 2nd decretal paragraph granting the divorce, the 16th decretal paragraph allowing the parties to resume the use of their premarriage surnames and the 17th decretal paragraph regarding service. In light of the pervasive errors in this case, we grant a new trial on the above-mentioned issues before a different justice.

We conclude that the court erred in refusing to allow the parties to enter into a settlement agreement. In the midst of trial, the parties' attorneys indicated that an agreement had been reached granting custody to defendant and regular visitation to plaintiff. It became apparent that the parties agreed on all the material terms of the proposed agreement and disagreed only about the location where

pickups for visitation would occur.  At that point, the court stated
that it was "very unhappy" with the length of the trial and
immediately terminated all discussions concerning the parties'
agreement.  When defendant's attorney attempted to explain his
position, the court cut him off, thereby virtually assuring the
failure of the parties' agreement.  The trial continued and, after the
close of proof that same day, the court granted custody to plaintiff
without regular visitation to defendant.

"Marital settlement agreements are judicially favored and are not
to be easily set aside" (*Simkin v Blank*, 19 NY3d 46, 52; *see Maving v
Maving*, 125 AD3d 1290, 1290).  As a general matter, open court
stipulations are especially favored by the courts inasmuch as they
promote efficient dispute resolution, timely management of court
calendars, and the "integrity of the litigation process" (*Hallock v
State of New York*, 64 NY2d 224, 230).  In matrimonial actions,
however, an open court stipulation is unenforceable absent a writing
that complies with the requirements for marital settlement agreements
(*see Tomei v Tomei*, 39 AD3d 1149, 1150; *see generally* Domestic
Relations Law § 236 [B] [3]).  More particularly, to be valid and
enforceable, marital settlement agreements must be "in writing,
subscribed by the parties, and acknowledged or proven in the manner
required to entitle a deed to be recorded" (§ 236 [B] [3]).  Under the
unusual circumstances of this case, i.e., where the parties evinced
their agreement in open court to the material terms of a settlement
agreement, there were no indicia of fraud or manifest injustice, and
the court prevented the parties from ratifying their agreement but
instead made a ruling directly contrary to the terms of that
agreement, we conclude that the court erred in granting primary
physical custody to plaintiff.  That error was compounded when the
court entered a visitation schedule that erroneously denied meaningful
visitation to defendant (*see Williams v Williams*, 100 AD3d 1347, 1348-
1349; *Matter of Brown v Brown*, 97 AD3d 673, 674; *see generally Weiss v
Weiss*, 52 NY2d 170, 175).

If those were the only errors, we would modify the judgment by
vacating only those provisions pertaining to custody and visitation.
We further conclude, however, that the judgment is deficient for
additional reasons.  Specifically, it fails to conform with the
mandatory provisions of the Domestic Relations Law pertaining to child
support and equitable distribution.

We agree with defendant that the court erred in failing to award
her child support arrears.  Before trial, on August 23, 2013,
defendant made an application for an order awarding her child support
and other relief.  That application resulted in a temporary order
awarding her child support in the amount of $385.00 every two weeks,
effective the following Friday.  That was error.  An order directing
the payment of child support "shall be effective as of the date of the
application therefor, and any retroactive amount of child support due
shall be support arrears[]" (Domestic Relations Law § 240 [1] [j]).
Thus, the court "should have awarded . . . child support retroactive
to [August 23, 2013], the date of the application therefor" (*DiSanto v
DiSanto*, 198 AD2d 838, 838; *see Petroci v Petroci*, 130 AD3d 1573,

1574). Moreover, as the parties acknowledged at oral argument of this appeal, the final judgment contains no provision at all for child support. That was also error (*see generally* § 240).

Furthermore, we note that in any matrimonial action the court "shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (Domestic Relations Law § 236 [B] [5]), and we conclude that the judgment of divorce is deficient in that respect as well.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court