Appeal from a judgment of the Supreme Court, Oneida County (Joan E. Shkane, A.J.), entered June 3, 2015. The judgment, inter alia, granted primary physical custody of the parties’ children to plaintiff.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating every decretal paragraph, except for the 2nd, 16th and 17th decretal paragraphs, and a new trial is granted on the issues of custody, visitation, child support, and equitable distribution.
Memorandum: Defendant appeals from a judgment of divorce that, inter alia, granted primary physical custody of the parties’ children to plaintiff. On appeal, defendant contends that Supreme Court committed numerous errors, and that the judgment of divorce fails to conform with the mandatory provisions of the Domestic Relations Law and is deficient as it pertains to the issues of custody, visitation, child support, and equitable distribution. We agree and therefore modify the judgment by vacating every decretal paragraph therein, except for the 2nd decretal paragraph granting the divorce, the 16th decretal paragraph allowing the parties to resume the use of their premarriage surnames and the 17th decretal paragraph regarding service. In light of the pervasive errors in this case, we grant a new trial on the above-mentioned issues before a different justice.
We conclude that the court erred in refusing to allow the parties to enter into a settlement agreement. In the midst of trial, the parties’ attorneys indicated that an agreement had been reached granting custody to defendant and regular visitation to plaintiff. It became apparent that the parties agreed on all the material terms of the proposed agreement and disagreed only about the location where pickups for visitation would occur. At that point, the court stated that it was “very unhappy” with the length of the trial and immediately terminated all discussions concerning the parties’ agreement. When defendant’s attorney attempted to explain his position, the court cut *1418 him off, thereby virtually assuring the failure of the parties’ agreement. The trial continued and, after the close of proof that same day, the court granted custody to plaintiff without regular visitation to defendant.
“Marital settlement agreements are judicially favored and are not to be easily set aside” (Simkin v Blank, 19 NY3d 46, 52 [2012]; see Maving v Maying, 125 AD3d 1290, 1290 [2015]). As a general matter, open court stipulations are especially favored by the courts inasmuch as they promote efficient dispute resolution, timely management of court calendars, and the “integrity of the litigation process” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). In matrimonial actions, however, an open court stipulation is unenforceable absent a writing that complies with the requirements for marital settlement agreements (see Tomei v Tomei, 39 AD3d 1149, 1150 [2007]; see generally Domestic Relations Law § 236 [B] [3]). More particularly, to be valid and enforceable, marital settlement agreements must be “in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded” (§ 236 [B] [3]). Under the unusual circumstances of this case, i.e., where the parties evinced their agreement in open court to the material terms of a settlement agreement, there were no indicia of fraud or manifest injustice, and the court prevented the parties from ratifying their agreement but instead made a ruling directly contrary to the terms of that agreement, we conclude that the court erred in granting primary physical custody to plaintiff. That error was compounded when the court entered a visitation schedule that erroneously denied meaningful visitation to defendant (see Williams v Williams, 100 AD3d 1347, 1348-1349 [2012]; Matter of Brown v Brown, 97 AD3d 673, 674 [2012]; see generally Weiss v Weiss, 52 NY2d 170, 175 [1981]).
If those were the only errors, we would modify the judgment by vacating only those provisions pertaining to custody and visitation. We further conclude, however, that the judgment is deficient for additional reasons. Specifically, it fails to conform with the mandatory provisions of the Domestic Relations Law pertaining to child support and equitable distribution.
We agree with defendant that the court erred in failing to award her child support arrears. Before trial, on August 23, 2013, defendant made an application for an order awarding her child support and other relief. That application resulted in a temporary order awarding her child support in the amount of $385 every two weeks, effective the following Friday. That was error. An order directing the payment of child support “shall be *1419 effective as of the date of the application therefor, and any retroactive amount of child support due shall be support arrears [ ]” (Domestic Relations Law § 240 [1] [j]). Thus, the court “should have awarded . . . child support retroactive to [August 23, 2013], the date of the application therefor” (DiSanto v DiSanto, 198 AD2d 838, 838 [1993]; see Petroci v Petroci, 130 AD3d 1573, 1574 [2015]). Moreover, as the parties acknowledged at oral argument of this appeal, the final judgment contains no provision at all for child support. That was also error (see generally § 240).
Furthermore, we note that in any matrimonial action the court “shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment” (Domestic Relations Law § 236 [B] [5]), and we conclude that the judgment of divorce is deficient in that respect as well.
Present — Smith, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.