McGovern v McGovern (2020 NY Slip Op 04635)





McGovern v McGovern


2020 NY Slip Op 04635


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


112 CA 19-00834

[*1]THOMAS E. MCGOVERN, PLAINTIFF-RESPONDENT,
v
YOLANDA J. MCGOVERN, DEFENDANT-APPELLANT. 






DAVID SCOTT HEIER, CANANDAIGUA, FOR DEFENDANT-APPELLANT.
TERESA M. PARE, CANANDAIGUA, FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered October 24, 2018 in a divorce action. The judgment, among other things, dissolved the marriage between the parties and equitably distributed the marital property. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by vacating the 2nd through 11th decretal paragraphs, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Plaintiff husband commenced this action in 2015 seeking a divorce. In 2017, the parties placed on the record an oral stipulation of settlement that, inter alia, provided for the distribution of the marital property. Although the oral stipulation contemplated the signing of a postnuptial agreement, defendant wife refused to sign such an agreement. Nevertheless, Supreme Court issued a judgment that acknowledged that the parties had placed on the record in open court an oral stipulation resolving all disputed issues, and that provided, inter alia, that the oral stipulation was incorporated but not merged into the judgment. Defendant appeals.
We agree with defendant that the oral stipulation rendered in open court did not satisfy the requirements of Domestic Relations Law § 236 (B) (3), and it is therefore invalid and unenforceable. "In matrimonial actions . . . an open court stipulation is unenforceable absent a writing that complies with the requirements for marital settlement agreements" (Keegan v Keegan, 147 AD3d 1417, 1418 [4th Dept 2017]). "More particularly, to be valid and enforceable, marital settlement agreements must be in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded' (§ 236 [B] [3])" (id.; see also Lewis v Lewis, 70 AD3d 1432, 1433 [4th Dept 2010]; Tomei v Tomei, 39 AD3d 1149, 1150 [4th Dept 2007]; Sorge v Sorge, 238 AD2d 890, 890 [4th Dept 1997]; Conti v Conti, 199 AD2d 985, 985-986 [4th Dept 1993]).
Here, inasmuch as there was no acknowledgment simultaneously executed with the oral stipulation (cf. Ashcroft v Ashcroft [appeal No. 2], 195 AD2d 963, 964 [4th Dept 1993]), we agree with defendant that she is entitled to the relief she is seeking on appeal, i.e., vacatur of the judgment of divorce except to the extent that the judgment granted the divorce itself, granted defendant the corresponding right to resume the use of a prior surname, and provided for service of the judgment upon defendant. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for a new determination, following a hearing if necessary (see Keegan, 147 AD3d at 1418; Lewis, 70 AD3d at 1433).
We disagree with our dissenting colleague's conclusion that dismissal of this appeal is required because "defendant is not aggrieved by that to which she stipulated." Defendant is aggrieved because the oral stipulation rendered in open court, which was incorporated but not merged into the judgment of divorce, did not satisfy the requirements of Domestic Relations Law § 236 (B) (3), and thus it is invalid and unenforceable. None of the cases cited by our dissenting [*2]colleague involve these circumstances, and defendant was not required to move to vacate the stipulation. Our case law, which is not addressed by the dissent, allows the defendant in such circumstances to seek to invalidate the oral stipulation on direct appeal from the judgment (see Lewis, 70 AD3d at 1433; Conti, 199 AD2d at 985-986).
All concur except Curran, J., who dissents and votes to dismiss the appeal in the following memorandum: I respectfully dissent because I conclude that this appeal must be dismissed. Inasmuch as defendant's contentions with respect to the judgment were resolved by the parties' oral stipulation that was incorporated but not merged into the judgment of divorce, dismissal of this appeal is required because defendant is not aggrieved by that to which she stipulated (see Dumond v New York Cent. Mut. Fire Ins. Co., 166 AD3d 1554, 1555 [4th Dept 2018]; see generally CPLR 5511; Adams v Genie Indus., Inc., 14 NY3d 535, 540-541 [2010]; Koziol v Koziol, 60 AD3d 1433, 1434 [4th Dept 2009], appeal dismissed 13 NY3d 763 [2009]). Defendant's proper remedy was to move to vacate the stipulation and appeal from the ensuing order, assuming that Supreme Court denied her motion (see generally Matter of Annabella B.C. [Sandra L.C.], 136 AD3d 1364, 1365 [4th Dept 2016]; Matter of Maria J. [Peter J.], 129 AD3d 1660, 1661 [4th Dept 2015]; Koziol, 60 AD3d at 1434). In my view, the cases relied upon by the majority do not address the fundamental requirement that, for there to be a justiciable controversy, the appellant must be aggrieved.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court