Cole v Hoover (2023 NY Slip Op 03103)

Cole v Hoover

2023 NY Slip Op 03103

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

166 CA 22-00969

[*1]GWENDOLYN COLE, PLAINTIFF-APPELLANT,
v
EDDIE L. HOOVER, DEFENDANT-RESPONDENT. 

MCGRATH LAW FIRM, PLLC, KENMORE (PETER MCGRATH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TRONOLONE & SURGALLA, P.C., BUFFALO (JOHN B. SURGALLA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered December 23, 2021. The order denied the motion of plaintiff for summary judgment on the first cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the judgment of divorce is vacated and judgment is granted in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that the oral stipulation entered into on May 14, 2018 is invalid and unenforceable.
Memorandum: In this postjudgment matrimonial action, plaintiff, the former wife of defendant, sought vacatur of the judgment of divorce and a judgment declaring that the parties' oral stipulation was "invalid and unenforceable." Plaintiff appeals from an order that denied her motion for summary judgment on the first cause of action, alleging that the oral stipulation was invalid because it did not comply with Domestic Relations Law § 236 (B) (3). We reverse.
As plaintiff correctly contends, the parties' oral stipulation is not enforceable because, although it was entered in open court, it was not reduced to writing, subscribed, or acknowledged by the parties, as required by Domestic Relations Law § 236 (B) (3). Although plaintiff's attorney stated at the time of the oral stipulation that she "would prefer just to do the oral stipulation," the statute unambiguously provides that, in order for an agreement regarding maintenance or a distributive award "made before or during the marriage" to be valid and enforceable in a matrimonial action, the agreement must be "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (id.). We have repeatedly held that oral stipulations do not comply with the statute (see McGovern v McGovern, 186 AD3d 988, 989 [4th Dept 2020]; Keegan v Keegan, 147 AD3d 1417, 1418 [4th Dept 2017]; Lewis v Lewis, 70 AD3d 1432, 1433 [4th Dept 2010]). Although the First and Second Departments have held differently (see Ostolski v Solounias, 55 AD3d 889, 890 [2d Dept 2008]; Storette v Storette, 11 AD3d 365, 365 [1st Dept 2004]), the Third Department has agreed with our position (see Birr v Birr, 70 AD3d 1221, 1222-1223 [3d Dept 2010]), thus creating an even split at the Appellate Division level on that issue.
We note that the Court of Appeals has written that "the unambiguous statutory language of section 236 (B) (3), its history and related statutory provisions establish that the Legislature did not mean for the formality of acknowledgment to be expendable" (Matisoff v Dobi, 90 NY2d 127, 135 [1997]). Indeed, the Court of Appeals made it clear that there is "no exception" to the statute's requirements (id. at 136 [emphasis added]).
We agree with plaintiff that defendant failed to preserve his responsive contention that [*2]plaintiff waived compliance with Domestic Relations Law § 236 (B) (3) (see Harmacol Realty Co. LLC v Nike, Inc., 143 AD3d 503, 504 [1st Dept 2016]) and, under the circumstances of this case, the issue whether plaintiff knowingly and voluntarily waived her rights under the statute is not a strictly legal issue that may be raised for the first time on appeal (cf. Edwards v Siegel, Kelleher & Kahn, 26 AD3d 789, 790 [4th Dept 2006]; see generally Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]).
We also agree with plaintiff that Supreme Court erred in denying the motion on the ground that plaintiff ratified the oral stipulation. The proposition that an agreement that fails to comply with Domestic Relations Law § 236 (B) (3) could be upheld if ratified by the parties was implicitly rejected by the Court of Appeals in Matisoff. In that case, the First Department held that the parties' oral agreement was enforceable because, inter alia, its "terms were acknowledged and ratified in the daily activities and property relations of the parties throughout their eleven-year marriage" (Matisoff v Dobi, 228 AD2d 200, 202 [1st Dept 1996], revd 90 NY2d 127 [1997] [emphasis added]). By reversing the First Department, the Court of Appeals necessarily rejected the contention that an agreement that fails to comply with Domestic Relations Law § 236 (B) (3) may be upheld if it is ratified by the parties (see Matisoff, 90 NY2d at 135-136). The ratification cases cited by defendant are all distinguishable (see Mesiti v Mongiello, 84 AD3d 1547, 1550-1551 [3d Dept 2011]; Weimer v Weimer, 281 AD2d 989, 989 [4th Dept 2001]; see also Gardella v Remizov, 144 AD3d 977, 981 [2d Dept 2016]).
Finally, we note that plaintiff's failure to submit a statement of material undisputed facts in support of her motion, as then required by the Uniform Rules for the Trial Courts (22 NYCRR § 202.8-g [a]), did not compel the court to deny her motion (see generally On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481-1482 [4th Dept
2022]; Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-851 [3d Dept 2022]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court